[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

Nos. 16-14267   ; 16-14284
_____

D.C. Docket No. 6:10-cr-00317-GKS-KRS-1


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JAZZMAN RICKEEM BROWN,

Defendant - Appellant.

_____

Appeals from the United States District Court
for the Middle District of Florida
_____

(January 18, 2018)

Before MARCUS, MARTIN, and NEWSOM, Circuit Judges.

MARTIN, Circuit Judge:

Jazzman Brown, who is a federal prisoner, brings this appeal of the sentence imposed on him in District Court, after that court granted his motion to vacate or correct his earlier sentence, filed pursuant to 28 U.S.C. § 2255.

In his § 2255 motion, Mr. Brown attacked his original sentence, saying that in light of Johnson v. United States, 576 U.S. ___, 135 S. Ct. 2551 (2015), he no longer qualified for a 15-year sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA").  The District Court agreed and vacated Mr. Brown's 15-year sentence.  However, the District Court went on to resentence Mr. Brown to a 10-year term of imprisonment, which is the longest sentence allowed under Mr. Brown's statute of conviction.   Mr. Brown's new 10-year sentence is a significant upward variance from his corrected guideline range.  The District Court imposed this statutory maximum sentence without conducting a resentencing hearing and without giving any explanation for the sentence.  Mr. Brown argues here on appeal that the District Court erred by (1) correcting his sentence without conducting a resentencing hearing with Mr. Brown in attendance, and (2) imposing a sentence well above the guideline range without any explanation.  After careful review, and with the benefit of oral argument, we vacate Mr. Brown's sentence and remand for a sentencing hearing, in which he can be present and allocute.

2

I.

In 2011, Mr. Brown pled guilty to one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1).  Mr. Brown was sentenced to 15-years imprisonment, which is the mandatory minimum sentence required for ACCA defendants who have three earlier felony convictions that meet the definition given in the statute.  Notably, for defendants who have not three, but instead one or two earlier convictions, the statute allows a sentence of no more than ten years.  Mr. Brown's 15-year ACCA sentence was based on three predicate crimes: (1) a 2004 Florida conviction for sale of cocaine; (2) a 2005 Florida conviction for sale of cocaine; and (3) a 2009 Florida conviction for fleeing or eluding.

In 2015, Mr. Brown filed a 28 U.S.C. § 2255 motion in light of the Supreme Court's decision in Johnson v. United States, 576 U.S. ___, 135 S. Ct. 2551 (2015).  A motion filed pursuant to 28 U.S.C. § 2255 is a civil proceeding, separate from the criminal sentence it attacks.  In his § 2255 motion, Mr. Brown argued that one of his predicate convictions, fleeing and eluding, no longer qualified as a "violent felony" so as to make him eligible for the 15-year ACCA sentence.  The government agreed that Mr. Brown's 15-year sentence should be vacated.  However, it asked the District Court to simply impose a new sentence of 10-years imprisonment and advised the court no sentencing hearing was necessary.  Again,

3

ten years is the highest sentence allowed under Mr. Brown's new statute of conviction.  Mr. Brown filed a written objection, asserting that he was entitled to a resentencing hearing.

The District Court held no hearing, but granted Mr. Brown's § 2255 motion. The Order granting the motion said it "corrected" Mr. Brown's sentence "to reflect a revised term of 120 months' incarceration followed by three years' supervised release."  In addition to holding no resentencing hearing in connection with Mr. Brown's resentencing, the court gave no explanation for the sentence it imposed. Mr. Brown filed a motion for reconsideration, again asking the District Court to hold a resentencing hearing.  And again, Mr. Brown's motion was denied without any hearing or explanation.  Mr. Brown then filed a timely notice of appeal in his § 2255 proceeding, and requested a motion for a Certificate of Appealability ("COA") on the issue of whether he was entitled to a resentencing hearing.  The District Court denied Mr. Brown's motion, but this Court granted him a COA on the issue now before us.

Consistent with its judgment in Mr. Brown's § 2255 case (the civil proceeding), the District Court entered an amended judgment in Mr. Brown's criminal case.  The "Statement of Reasons" entered by the District Court in connection with the new 10-year sentence showed that Mr. Brown's new sentencing guideline range was 77 to 96 months, and noted that his old sentence

4

was "vacated." It also noted the District Court was imposing an upward variance and sentencing Mr. Brown to a 120-month term of imprisonment. Mr. Brown filed a timely notice of appeal in his criminal case, in addition to the one already filed in the § 2255 proceeding. Mr. Brown argued that because the District Court failed to give him a resentencing hearing, it (1) didn't properly consider the factors it is required to consider under 18 U.S.C. § 3553(a)[1]; and (2) didn't consider his post-sentencing conduct. This Court consolidated Mr. Brown's civil and criminal appeals.

## II.

In any appeal from a proceeding on a motion to vacate, set aside, or correct a sentence, we review legal issues de novo. Osborne v. Terry, 466 F.3d 1298, 1304–05 (11th Cir. 2006). We also review de novo "questions involving the legality of a criminal sentence," United States v. Taylor, 11 F.3d 149, 151 (11th Cir. 1994) (per curiam), which includes the District Court's failure to give a specific reason for a non-guideline sentence as required by 18 U.S.C. § 3553(c)(2). United States v. Parks, 823 F.3d 990, 996 (11th Cir. 2016).

---

[1] A sentencing judge must consider the factors laid out in 18 U.S.C. § 3553(a). These factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

Mr. Brown argues here, as he did in the District Court, that the court erred when it resentenced him without giving him a hearing.  This Court has not directly spoken to the standard of review we should use in reviewing a District Court's choice of remedy under 28 U.S.C. § 2255.  However, "[f]ederal habeas corpus practice . . . indicates that a court has broad discretion in conditioning a judgment granting habeas relief."  Hilton v. Braunskill, 481 U.S. 770, 775, 107 S. Ct. 2113, 2118 (1987).  And indeed this Court has recognized "the broad, flexible power conferred by section 2255."  United States v. Mixon, 115 F.3d 900, 903 (11th Cir. 1997).  Other circuits have held that a District Court's choice among the remedies provided in § 2255 is reviewed for abuse of discretion.  See Loher v. Thomas, 825 F.3d 1103, 1111 (9th Cir. 2016); Woodfox v. Cain, 805 F.3d 639, 644 (5th Cir. 2015); Clayton v. Jones, 700 F.3d 435, 443 (10th Cir. 2012); United States v. Hadden, 475 F.3d 652, 667 (4th Cir. 2007); United States v. Torres-Otero, 232 F.3d 24, 29–30 (1st Cir. 2000); United States v. Gordon, 156 F.3d 376, 381 (2d Cir. 1998).

We like the approach of our sister circuits and will also review the District Court's choice of § 2255 remedy for an abuse of discretion.  In doing so, we recognize there may be more than one choice of remedy available to a District Court in any given case.  See United States v. Frazier, 387 F.3d 1244, 1259 (11th Cir. 2004) (en banc).  As always, however, a court abuses its discretion if it makes

6

a choice that is contrary to law.  See Amlong & Amlong, P.A. v. Denny's, Inc.,

500 F.3d 1230, 1238 (11th Cir. 2007).  And, as discussed below, the Constitution's

requirement that a defendant be present at critical stages of proceedings restricts a

District Court's choice of remedy.

## III.

When a court grants a motion to vacate, set aside, or correct a sentence

under 28 U.S.C. § 2255, the statute provides that the court "shall vacate and set the

judgment aside and shall discharge the prisoner or resentence him or grant a new

trial or correct the sentence as may appear appropriate."  28 U.S.C. § 2255(b).  The

statute thus establishes a two-step process.  First, the court must "vacate and set the

judgment aside."  Id.  Second, the court must choose from among four distinct

remedies: (1) discharge the prisoner; (2) resentence the prisoner; (3) grant the

prisoner a new trial; or (4) correct the prisoner's sentence.  Id.  This case requires

us to address when a court may summarily correct a sentence and when it is

required to conduct a resentencing hearing.

We begin with the recognition that this Court's precedent has not been

entirely consistent in its use of the terms "resentence" and "correct."  In reviewing

how other circuit courts address this question, we see that the First Circuit has

observed "[a]ny alteration of the original judgment imposing the sentence could be

called a 'resentencing'—the word has no definitive meaning."  United States v.

7

Bryant, 643 F.3d 28, 32 (1st Cir. 2011).  And our own cases have used the term

"resentencing" to refer to a range of sentence modification procedures.  In one

case, our predecessor court appears to define a "resentencing" as necessarily

requiring a resentencing hearing.  See Johnson v. United States, 619 F.2d 366,

368–69 (5th Cir. 1980).[2]  In another, we use a broader definition of "resentencing,"

suggesting that the right to be present does not extend to all resentencings, but only

"resentencing under certain circumstances."  See United States v. Jackson, 923

F.2d 1494, 1496 (11th Cir. 1991).  Clarity in this context retreats further, because

the definition of a sentence "correction" under Federal Rule of Criminal Procedure

35 has shifted substantially since key cases on this issue were decided.  Before

1987, Rule 35 could be used to "correct an illegal sentence at any time."  See

Jackson, 923 F.2d at 1496 n.1 (quotation omitted).  Now, however, Rule 35 allows

a court to "correct" only a sentence "that resulted from arithmetical, technical, or

other clear error," and then, only if a motion requesting the change is made within

fourteen days of sentencing.  Fed. R. Crim. P. 35(a).  As a result, cases addressing

changes made to sentences before 1987 talk about sentences being "corrected"

pursuant to Rule 35, when the same changes would not qualify as corrections

under the Federal Rules today.

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981.

8

In the context of § 2255, we read "resentence" and "correct" to define distinct remedies.  See United States v. Williams, 340 F.3d 1231, 1236 (11th Cir. 2003) ("This deliberate variation in terminology within the same sentence of a statute suggests that Congress did not interpret the two terms as being equivalent.") Of course, the plain meaning of the terms is helpful.  As the D.C. Circuit set out:

> Dictionaries define a "correction," as "the act of an instance of making right what is wrong," Black's Law Dictionary (10th ed. 2014), or "remedying or removing error or defect," Webster's Third New International Dictionary, Unabridged (2017).  A "resentencing" in contrast, is "[t]he act or an instance of imposing a new or revised criminal sentence."  Black's Law Dictionary (10th ed. 2014).  These definitions suggest that corrections are limited to a specific type of action taken with respect to the original judgment, while resentencings could encompass a broader array of procedures.

United States v. Palmer, 854 F.3d 39, 47 (D.C. Cir. 2017).  It is reasonable to conclude, then, that § 2255 envisions two different kinds of sentence modifications: a "correction" being a more limited remedy, responding to a specific error; and a "resentencing" being more open-ended and discretionary, something closer to beginning the sentencing process anew.  We do not undertake here to list every type of "resentencing," however defined, which will require a resentencing hearing.[3]  Instead, we address the question raised by Mr. Brown: did

---

[3] It may be simplest to say "resentencings" under § 2255 are sentence modifications involving a resentencing hearing, and "corrections" are sentence modifications done without a resentencing hearing.  This, of course, begs the question we must answer here: when a court is required to resentence as opposed to correct.

9

the modification to his sentence require his sentencing court to conduct a resentencing hearing?

The Due Process Clause guarantees a defendant's "right to be present at any stage of the criminal proceeding that is critical to its outcome if his presence would contribute to the fairness of the procedure." Kentucky v. Stincer, 482 U.S. 730, 745, 107 S. Ct. 2658, 2667 (1987). Federal Rule of Criminal Procedure 43(a)(3), which we have described as "constitutionally based," Jackson, 923 F.2d at 1496, specifies that a defendant's right to be present includes his right to be present at sentencing. Fed. R. Crim. P. 43(a)(3). This right is meant to "ensure that at sentencing—a critical stage of the proceedings against the accused—the defendant has an opportunity to challenge the accuracy of information the sentencing judge may rely on, to argue about its reliability and the weight the information should be given, and to present any evidence in mitigation he may have." Jackson, 923 F.2d at 1496–97. Beyond that, there is a defendant's well-recognized right of allocution at sentencing—a chance for the defendant "to make a final plea on his own behalf to the sentencer before the imposition of sentence." United States v. Prouty, 303 F.3d 1249, 1251 (11th Cir. 2002).

This Court has recognized that "[t]he established right to be present for sentencing—or even for resentencing under certain circumstances—. . . does not translate into a right to be present whenever judicial action modifying a sentence is

10

taken." Jackson, 923 F.2d at 1496. This is so because the act of changing a sentence "is not a unitary phenomenon." United States v. Bryant, 643 F.3d 28, 33 (1st Cir. 2011). As the First Circuit has explained:

> Resentencings are various in kind and many are very narrow. At one extreme, the resentencing ordered may be as unconstrained and open-ended as an initial sentencing; but at the other extreme, a remand may be so focused and limited that it involves merely a technical revision of the sentence dictated by the appeals court and calls for no formal proceeding—say, modifying the judgment to cut back to its legally permitted length a supervised release term that exceeded what the statute permits.

Id. at 32. The Federal Rules of Criminal Procedures themselves identify some types of sentence modifications that do not require a defendant to be present, namely for "the correction or reduction of sentence under Rule 35 or 18 U.S.C. § 3582(c)."[4] Fed. R. Crim. P. 43(b)(4). This Court has also determined that a resentencing hearing is not required when a District Court vacates and is required to reinstate the exact same sentence. See United States v. Parrish, 427 F.3d 1345, 1348 (11th Cir. 2005) (per curiam).

This Court's leading case on this issue, Jackson, describes one type of sentence modification that does require a resentencing hearing with the defendant

---

[4] For example, and as discussed above, Rule 35 addresses corrections "that resulted from arithmetical, technical, or other clear error," if a motion is made within 14 days of sentencing. Fed. R. Crim. P. 35. Also, § 3582(c) allows for the modification of a sentence (1) upon motion of the Director of the Bureau of Prisons under certain, limited circumstances; (2) where a modification is expressly permitted by statute or Rule 35; or (3) when a defendant's sentencing range has subsequently been lowered pursuant to 28 U.S.C. § 994(o). 18 U.S.C. § 3582(c).

11

in attendance: when a court is imposing "a new sentencing package after an original sentencing package is vacated in its entirety on appeal." 923 F.2d at 1496. In Mr. Jackson's case, he was sentenced on six counts. Id. at 1495. The District Court determined that the sentences on two of the counts exceeded their statutory maximum, but there was no error in the sentences on the remaining counts. Id. at 1496. The court chose to reduce the two unlawful sentences to their new statutory maximum but also chose to modify those sentences to run consecutively to Mr. Jackson's most onerous count, rather than concurrently with it as they had been in the original sentence. Id. This resulted in Mr. Jackson's prison term being reduced, but not by as much as it would have been if the two erroneous sentences had remained concurrent. Id.

On these facts, this Court concluded that Mr. Jackson was not entitled to a resentencing hearing. Id. at 1497. We held "that, where the entire sentencing package has not been set aside, a correction of an illegal sentence does not constitute a resentencing requiring the presence of the defendant, so long as the modification does not make the sentence more onerous." Id. In so holding, we noted that "the purpose of allocution—to allow the defendant the opportunity to challenge the information the original sentencing judge will rely upon as well as to present evidence in mitigation—ha[d] already been accomplished." Id. at 1498. And even recognizing that part of Mr. Jackson's sentence was in error, that error

12

had not required the court to wipe the slate clean and start anew because there were no errors in the sentences imposed for Mr. Jackson's other counts of conviction. Id. at 1496.

However, the rule in Jackson is rooted in the particular procedural posture of the case at that time. Mr. Jackson's appeal arose in the context of a Rule 35 motion, not a § 2255 motion. Id. at 1495. And the version of Rule 35 that applied in Mr. Jackson's case was much broader than the version in effect today. See id. at 1496 & n.1; see also United States v. Phillips, 597 F.3d 1190, 1196 n.11 (11th Cir. 2010). As a result, Mr. Jackson's sentence modification qualified as a Rule 35 correction, and therefore Rule 43 did not require his presence at a resentencing hearing. See Jackson, 923 F.2d at 1497. That would be different if Mr. Jackson's case had been brought under today's version of Rule 35.

A more recent case, United States v. Taylor, 11 F.3d 149 (11th Cir. 1994) (per curiam), further muddies the waters. In Taylor, this Court seemed to read Jackson as tying the requirement for a resentencing hearing to whether a sentence was modified pursuant to § 2255 as opposed to Rule 35. See id. at 151–52. The Taylor panel noted that the District Court "could have [] treated" Mr. Taylor's motion "as a motion to correct an illegal sentence under Rule 35" and not provided a resentencing hearing. But because the District Court had instead addressed his motion as a § 2255 motion, vacated the entire sentencing package, and remanded

13

for resentencing, a resentencing hearing with the defendant present was required. Id. at 152.

Because both of these cases were brought under an expansive version of Rule 35 that is no longer available, the cases do not bind us here. Even so, we find the logic of Jackson persuasive. When an "entire sentencing package" has been vacated, the sentencing court must revisit every part of the sentencing package. And this more expansive remedy may require a defendant to be present at a resentencing hearing to "contribute to the fairness of the procedure." See Stincer, 482 U.S. at 745, 107 S. Ct. at 2667.

Still, there remains the question of what it means for an entire sentencing package to be vacated. A purely formalistic test might require resentencing hearings for every sentence modification made pursuant to § 2255. That is because, by its terms, § 2255 requires a court to first "vacate and set the judgment aside," and then apply the appropriate remedy. See 28 U.S.C. § 2255(b). However, our precedent takes a more pragmatic approach. Rather than relying solely on a formal analysis of whether the sentences of all counts were vacated, we undertake a more fact-intensive inquiry into whether the errors requiring the grant of habeas relief undermine the sentence as a whole.

In Johnson v. United States, 619 F.2d 366, 368 (5th Cir. 1980), our predecessor court performed this kind of analysis. The Fifth Circuit determined

that two of the defendant's three concurrent sentences were due to be vacated, and that the defendant could only properly be sentenced on his one remaining count. Id. Even though both parties argued that the court could leave the one remaining count intact and vacate the two improper counts, the court remanded for a resentencing hearing. Id. & n.6. The court observed that the sentencing judge had an incorrect understanding about the applicable statutory maximum, so even if the one remaining count was within that range, "[p]erhaps, after realizing that the maximum sentence is only 25 years [rather than 55 years], the District Court may conclude that a 20 year sentence is too harsh." Id. at 368.

This approach is consistent with our Court's rule that sentences on multiple counts be considered as part of a single sentencing package. See United States v. Stinson, 97 F.3d 466, 469 (11th Cir. 1996) (per curiam). We have recognized that "especially in the guidelines era, sentencing on multiple counts is an inherently interrelated, interconnected, and holistic process which requires a court to craft an overall sentence." United States v. Fowler, 749 F.3d 1010, 1015 (11th Cir. 2014). If there is a chance that an erroneous sentence on one count of conviction influenced the sentencing judge's decisions on other counts, then merely excising the mistaken sentence for one count won't put the defendant in the same position as if no error had been made. A resentencing hearing with the defendant present may therefore be required.

At the other end of the spectrum, in Parrish, this Court determined that a resentencing hearing was not required even though the defendant's sentence was vacated in its entirety after a successful § 2255 motion.  427 F.3d at 1348.  The error requiring the grant of habeas relief for Mr. Parrish was not limited to one of his counts of conviction but extended to the entire judgment.  But in order to provide Mr. Parrish with the opportunity to file an out-of-time direct appeal, the District Court vacated his sentence in its entirety and then reinstated the exact same sentence without holding a resentencing hearing.  Id. at 1346.  On appeal, this Court concluded that no resentencing hearing was necessary (even though Mr. Parrish's entire sentence had been set aside) because the reasons for requiring a hearing with the defendant present did not apply.  Mr. Parrish's sentencing court was simply reimposing the exact same sentence without exercising any kind of discretion that the defendant could speak to.  Id. at 1347–48.

Parrish thus suggests that merely identifying the type of error to be corrected is not the end of our inquiry into whether a resentencing hearing is required.  If a sentencing court has no discretion in how it modifies a sentence—as in Parrish, where the court was required to reinstate the exact same sentence—a resentencing hearing may not be required.  But if a court is called upon to exercise significant discretion in modifying a sentence, a resentencing hearing may be required.  This Court has long recognized that if a modification makes a sentence more onerous, a

16

resentencing hearing is required.  See Jackson, 923 F.2d at 1497.  A resentencing hearing is also needed when a court must exercise its discretion in modifying a sentence in ways it was not called upon to do at the initial sentencing.  For example, if the original sentencing court imposed a mandatory minimum sentence that no longer applies, then a defendant's resentencing hearing may be the first opportunity he has to meaningfully "challenge the accuracy of information the sentencing judge may rely on, to argue about its reliability and the weight the information should be given, and to present any evidence in mitigation he may have."  Id. at 1496–97.  In a case like this, the defendant's presence is required at a resentencing hearing to "contribute to the fairness of the procedure."   Stincer, 482 U.S. at 745, 107 S. Ct. at 2667.

From our precedent, two inquiries emerge to guide our consideration of whether a defendant is entitled to a resentencing hearing when a change to his sentence is required as a result of his § 2255 motion.  First, did the errors requiring the grant of habeas relief undermine the sentence as a whole?  Second, will the sentencing court exercise significant discretion in modifying the defendant's sentence, perhaps on questions the court was not called upon to consider at the original sentencing?  When these factors are present, a District Court's sentence modification qualifies as a critical stage in the proceedings, requiring a hearing with the defendant present.  Stincer, 482 U.S. at 745, 107 S. Ct. at 2667.

IV.

Applying this framework to Mr. Brown's case, we note that he filed a habeas petition challenging his one count of conviction. The District Court granted Mr. Brown's § 2255 motion and wrote that his sentence "is corrected to reflect a revised term of 120 months' incarceration followed by three years' supervised release." The amended judgment describes Mr. Brown's previous sentence as having been "vacated following the Court granting Defendant's Motion to Vacate under 28 U.S.C. § 2255." In effect, the District Court vacated the sentence on Mr. Brown's one and only count of conviction and modified his sentence without conducting a resentencing hearing.

This supports our conclusion that the District Court abused its discretion. Mr. Brown's original sentence was set by the mandatory minimum under the ACCA, 18 U.S.C. § 924(e)(1). When that sentence was found to be in error, his new sentence was imposed under a different statutory provision, 18 U.S.C. § 924(a)(2). As a result, the only statutory basis for Mr. Brown's sentence was invalidated, and the District Court was required to resentence him under a new statutory provision, with a new sentencing guidelines range. Because the sentence on Mr. Brown's one and only count of conviction was found to be in error, Mr. Brown's entire sentence was necessarily undermined, and the District Court was tasked with crafting an entirely new sentence. As a result, Mr. Brown was entitled

18

to a resentencing hearing.  See Jackson, 923 F.2d at 1497; Johnson, 619 F.2d at 368.

The need for Mr. Brown to receive a resentencing hearing is also supported by the wide discretion exercised by the District Court in imposing Mr. Brown's new sentence, especially when we consider Mr. Brown's first sentencing hearing. At that first sentencing hearing, both his attorney and the government asked the court to sentence Mr. Brown to the 15-year mandatory minimum term set by the statute.  The court then briefly discussed Mr. Brown's prior convictions before stating "[t]his is a minimum mandatory case" and sentencing Mr. Brown to his mandatory minimum sentence.  The court made no other mention of Mr. Brown's presentence investigation report ("PSR") or the 18 U.S.C. § 3553 factors.  In total, Mr. Brown's original sentencing hearing lasted eight minutes.  With such an abbreviated procedure, and the District Court's clear reliance on a mandatory minimum that no longer applies, the District Court has not "made the necessary credibility determinations and exercised the necessary discretion to fashion a sentencing package which he has determined, in fact, is the appropriate penalty." Jackson, 923 F.2d at 1497.  Mr. Brown's presence is therefore required at a resentencing hearing to "contribute to the fairness of the procedure."  Stincer, 482 U.S. at 745, 107 S. Ct. at 2667.

19

The way the District Court exercised its discretion in modifying Mr. Brown's sentence also counsels in favor of having a hearing. Mr. Brown was originally sentenced to a mandatory minimum 180-month term of imprisonment. His corrected guideline range was 77 to 96 months of imprisonment, but the court sentenced him to 120 months, which was the longest prison term permitted by statute. Upward variances are meant to apply only after "serious consideration" by the sentencing court, and only then when accompanied by a "sufficiently compelling" justification. Gall v. United States, 552 U.S. 38, 46, 50, 128 S. Ct. 586, 594, 597 (2007). The fact that the District Court provided no justification for imposing an upward variance to Mr. Brown's sentence is itself error. See 18 U.S.C. § 3553(c)(2).

But even if the court's written Statement of Reasons had included an explanation, applying an upward variance is a clear act of open-ended discretion, bolstering our conclusion that it was error for the court to modify Mr. Brown's sentence without a resentencing hearing. While it is true that the court that initially imposes sentence is not required to provide advance notice that it is considering an upward variance, "[s]ound practice dictates that judges in all cases should make sure that the information provided to the parties in advance of the hearing, and in the hearing itself, has given them an adequate opportunity to confront and debate the relevant issues." Irizarry v. United States, 553 U.S. 708, 715, 128 S. Ct. 2198,

2203 (2008).  Mr. Brown should have had an opportunity at a hearing to guide the District Court's discretion before it imposed an upward variance.  He was given none.  Thus, the imposition of the new sentence based on an upward variance also supports the conclusion that Mr. Brown's attendance at the resentencing hearing is essential to the just administration of his case.

## V.

In conclusion, Mr. Brown was entitled to have a resentencing hearing and be present there.  That being the case, the District Court abused its discretion in modifying Mr. Brown's sentence without holding a hearing.  Because we vacate Mr. Brown's sentence and remand for a resentencing hearing, we need not reach Mr. Brown's additional arguments that his sentence was procedurally and substantively unreasonable.

On remand, the District Court should hold a resentencing hearing with Mr. Brown and his counsel present.  Only then, having considered the factors set forth in § 3553(a) and explained the basis for any variance it may choose to impose, may the District Court impose a new sentence on Mr. Brown.

**VACATED AND REMANDED.**

21