[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

Nos. 16-16207; 17-13066
Non-Argument Calendar

_____

D.C. Docket Nos. 9:05-cr-80042-JIC-1,
9:16-cv-806662-JIC


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM G. HERNANDEZ,

Defendant-Appellant.


_____

Appeals from the United States District Court
for the Southern District of Florida

_____

(May 30, 2018)

Before WILSON, JORDAN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

William Hernandez, a federal prisoner, appeals the district court's decision

to correct his sentence without conducting a full resentencing hearing after the

court granted his 28 U.S.C. § 2255 motion to vacate or correct his sentence in light of *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551 (2015). After careful review, we affirm.

In 2005 Hernandez pled guilty to three counts of possession with intent to distribute crack cocaine and one count of distribution of cocaine, 21 U.S.C. § 841(a)(1), one count of possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1), and one count of possession of a firearm in connection with a drug-trafficking crime, 18 U.S.C. § 924(c)(1)(A). At his sentencing, the district court determined that he qualified as an armed career criminal under the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA"). The ACCA enhancement mandated a sentence of at least fifteen years for the § 922(g)(1) offense. Without the enhancement, the statutory maximum was ten years.

The ACCA enhancement, however, had no effect on Hernandez's guideline range. That range was determined under the career-offender guideline, U.S.S.G. § 4B1.1, specifically under § 4B1.1(c). Subsection (c) governs the calculation of the guideline range for a career-offender defendant who is convicted of violating § 924(c). The district court calculated a guideline range of 262 to 327 months of imprisonment based on the table in § 4B1.1(c)(3). Ultimately, Hernandez was sentenced to concurrent 202-month sentences for the drug offenses and the

2

§ 922(g)(1) offense, plus a consecutive 60-month sentence for the § 924(c) offense, for a total, low-end guideline sentence of 262 months.

In 2016 Hernandez filed a motion to vacate or correct his sentence under 28 U.S.C. § 2255. He said that, in light of *Johnson*, he had been illegally sentenced under the ACCA. The district court agreed and granted his motion. Then, without holding a hearing, the court reduced his § 922(g)(1) sentence from 202 months to the statutory maximum of 120 months. But the court left the remaining sentences unchanged, reasoning that the ACCA error had no effect on them. As a result, Hernandez's total sentence remained at 262 months. Hernandez now appeals.

In an appeal from a § 2255 proceeding, we review legal issues *de novo*. *United States v. Brown*, 879 F.3d 1231, 1234 (11th Cir. 2018). We review the district court's choice of § 2255 remedy for an abuse of discretion. *Id.* at 1235. "[W]hen employing an abuse-of-discretion standard, we must affirm unless we find that the district court has made a clear error of judgment, or has applied the wrong legal standard." *United States v. Frazier*, 387 F.3d 1244, 1259 (11th Cir. 2004) (*en banc*).

Section 2255 allows a federal prisoner to collaterally attack his sentence on the grounds, among others, that the sentence "was imposed in violation of the Constitution or laws of the United States" or "was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a). When a district court grants a § 2255

motion, it must do two main things. *Brown*, 879 F.3d at 1235. First, it "must vacate and set the judgment aside." *Id.* (quotation marks omitted). Second, it "must choose from among four distinct remedies: (1) discharge the prisoner; (2) resentence the prisoner; (3) grant the prisoner a new trial; or (4) correct the prisoner's sentence." *Id.* The terms "resentence" and "correct" define distinct remedies. *Id.* at 1236. A "correction" is "a more limited remedy, responding to a specific error," and does not require a resentencing hearing. *Id.* at 1236 & n.3. A "resentencing," in contrast, is "more open-ended and discretionary, something closer to beginning the sentencing process anew," and requires a resentencing hearing at which the defendant has the right to be present. *Id.*

*Brown* sets out the framework for deciding when a resentencing hearing must be held after the grant of a § 2255 motion. At bottom, the critical question is whether the sentence modification qualifies as a critical stage of the proceedings, such that due process guarantees the defendant's right to be present. *Id.* at 1236 (citing *Kentucky v. Stincer*, 482 U.S. 730, 745 (1987)). Two inquiries guide that determination: "First, did the errors requiring the grant of habeas relief undermine the sentence as a whole?"; and "Second, will the sentencing court exercise significant discretion in modifying the defendant's sentence, perhaps on questions the court was not called upon to consider at the original sentencing?" *Id.* at 1239–40. These inquiries are "fact-intensive." *See id.* at 1238. When these factors are

4

present, a sentence modification qualifies as a critical stage of the proceedings, and a resentencing hearing with the defendant present is required. *Id.* at 1240.

As for the first inquiry, a resentencing hearing may be required "[i]f there is a chance that an erroneous sentence on one count of conviction influenced the sentencing judge's decisions on other counts." *Id.* at 1239. The general rule is that sentences on multiple counts are "considered as part of a single sentencing package." *Id.* This reflects an understanding that, "especially in the guidelines era, sentencing on multiple counts is an inherently interrelated, interconnected, and holistic process which requires a court to craft an overall sentence—the 'sentence package'—that reflects the guidelines and the relevant § 3553(a) factors." *United States v. Fowler*, 749 F.3d 1010, 1015 (11th Cir. 2014). So if there is a chance the error undermined the sentence as a whole, resentencing may be necessary because "merely excising the mistaken sentence for one count won't put the defendant in the same position as if no error had been made." *Brown*, 879 F.3d at 1239.

As for the second inquiry, a resentencing hearing may be necessary "when a court must exercise its discretion in modifying a sentence in ways it was not called upon to do at the initial sentencing." *Id.* That may occur, for example, if the original sentencing court did not reach certain issues because it "imposed a mandatory minimum sentence that no longer applies." *See id.* With no applicable mandatory minimum, the court may need to exercise its discretion—by resolving

guideline application issues or addressing the 18 U.S.C. § 3553(a) factors—in ways that were unnecessary at the original sentencing. *See id.* at 1240. For the same reason, a resentencing hearing may be the defendant's first opportunity to meaningfully address certain issues pertinent to his sentence. *Id.* at 1239. In these circumstances, due process may require a hearing with the defendant present. *See id.* at 1239–40.

Applying this framework in *Brown*, we held that the district court abused its discretion in failing to hold a resentencing hearing before modifying Brown's erroneously ACCA-enhanced sentence to the correct statutory maximum of ten years. First, we said that Brown's entire sentence was undermined by the ACCA-error because the sentence on his "one and only count of conviction was found to be in error." *Id.* at 1240. Thus, the court "was tasked with crafting an entirely new sentence" based on a different statutory provision and different guideline range. *Id.* Second, we found that court exercised wide discretion in imposing Brown's new sentence. *Id.* We noted that, at the original sentencing hearing, the court sentenced Brown to the mandatory minimum and did not discuss the guidelines or the 18 U.S.C. § 3553(a). *Id.* And in modifying the sentence, the court applied a significant upward variance from the corrected guideline range of 77 to 96 months of imprisonment, which was a "clear act of open-ended discretion." *Id.* at 1241. In

light of all of these factors, we held that Brown was entitled to have a resentencing hearing and be present there. *Id.*

In this case, however, the district court's choice of remedy—a limited correction to the sentence for the § 922(g)(1) offense without a hearing—was reasonable under the circumstances. Hernandez argues that the district court abused its discretion by refusing to vacate all of his sentences as a "sentencing package" and conduct a full resentencing.[1] But neither of the two key factors outlined in *Brown* are present here, so we cannot say that the "sentence modification qualifie[d] as a critical stage in the proceedings, requiring a hearing with the defendant present." *See id.* at 1240.

First, while Hernandez faults the district court for failing to treat his entire sentence as a package, he does not identify how the ACCA error influenced the original sentencing court's decisions on the other counts. *See id.* at 1239. In light of the multiple counts of conviction under 21 U.S.C. § 841, the error did not invalidate the "the only statutory basis" for his sentence. *See id.* at 1240. Each of

---

[1] Hernandez also claims that the district court improperly applied the concurrent-sentence doctrine. But the court did not apply that doctrine at all. The concurrent-sentence doctrine allows a reviewing court to decline to review the validity of a conviction if the defendant has valid, concurrent sentences on other counts of conviction and the defendant would not "suffer adverse collateral consequences from the unreviewed conviction." *United States v. Bradley*, 644 F.3d 1213, 1293 (11th Cir. 2011). Here, by contrast, the district court reached the merits of Hernandez's claim of ACCA error and corrected the error, but it declined to grant the remedy of a full resentencing. Hernandez's concurrent sentences, to be sure, are relevant to the determination of whether a resentencing hearing was required. But for the reasons we explain, the court's choice of § 2255 remedy was no abuse of discretion.

the four § 841 offenses carried, at the time of sentencing, a statutory sentencing range of between five and forty years of imprisonment. So removing the § 924(e) enhancement did not remove the statutory basis for the total sentence. Nor did it affect the § 924(c) sentence, which was imposed to run consecutive to the sentences for the drug offenses along with the § 922(g)(1) sentence. Additionally, the ACCA error had no effect on Hernandez's guideline range. That range was determined under the career-offender guideline's provisions for defendants who are convicted of § 924(c), and it did not depend on the § 922(g)(1) offense or the mandatory minimum. *See* U.S.S.G. § 4B1.1(c)(2)(B), (3). In sum, the ACCA error did not undermine Hernandez's sentence as a whole.

Second, the district court did not need to exercise significant discretion on questions that it had not been called upon to consider at the original sentencing hearing. *See Brown*, 879 F.3d at 1239–40. Unlike in *Brown*, where the mandatory minimum exceeded the otherwise applicable guideline range, the ACCA-enhanced mandatory minimum in this case was still well below Hernandez's guideline range of 262–327 months. Nor did the district court mention the mandatory minimum or the § 922(g)(1) offense at the original sentencing hearing. Rather, the record reflects that the court decided a sentence at the low end of the guideline range was appropriate in light of the § 3553(a) factors. Plus, Hernandez has not identified

8

any issues he was unable to meaningfully challenge during his original sentencing due to the ACCA error. *See id.* at 1240.

For these reasons, the district court, even assuming it had the authority to vacate Hernandez's entire sentence and conduct a full resentencing, did not abuse its discretion by correcting the ACCA error without holding a resentencing hearing and without changing Hernandez's total sentence. We therefore affirm.

**AFFIRMED.**