[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-11598
Non-Argument Calendar

_____

D.C. Docket Nos. 3:93-cr-03009-RV-E,
3:16-v-00286-RV-EMT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN R. COWART,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(August 13, 2018)

Before WILLIAM PRYOR, BRANCH and BLACK, Circuit Judges.

PER CURIAM:

Federal prisoner John Ricky Cowart, proceeding *pro se*, appeals the district court's decision to correct his sentence without conducting a full resentencing hearing after the court granted his successive 28 U.S.C. § 2255 motion to vacate or correct his sentence in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). Cowart asserts the district court improperly refused to grant him a resentencing hearing when it corrected his sentence by only removing the Armed Career Criminal Act (ACCA) enhancement and resentencing him to the statutory maximum sentence of 120 months on Count Three, leaving his remaining sentences unchanged. Specifically, he contends that, because his original sentencing occurred at a time when the Guidelines were mandatory, he should now be given the opportunity to present previously unavailable evidence of the relevant 18 U.S.C. § 3553(a) factors. After review,[1] we affirm the district court.

## I.  BACKGROUND

In 1993, a jury convicted Cowart of three counts:  (1) conspiracy to possess with intent to distribute cocaine base, in violation of 21 U.S.C. § 846 (Count One); (2) possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(iii), and 18 U.S.C. § 2 (Count Two); and (3) possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g), 924(a)(2), and 924(e)(1) (Count Three).

---

[1]  We review the district court's choice of remedy under 28 U.S.C. § 2255 for an abuse of discretion.  *United States v. Brown*, 879 F.3d 1231, 1235 (11th Cir. 2018).

2

Cowart's PSI applied the career-offender provisions of § 4B1.1[2] because Cowart was at least 18 years old at the time of the offense, Counts One and Two were convictions for controlled substance offenses, and he had at least two prior felony convictions of either a crime of violence or a controlled substance offense. Cowart's offense level was 37 under U.S.S.G. § 4B1.1(A) based on his career-offender designation. With a criminal history category of VI and a total offense level of 37, Cowart's Guidelines range was 360 months' imprisonment to life. The PSI also noted the enhanced statutory penalties for Counts One and Two were 240 months to life imprisonment, and that 18 U.S.C. § 924(e)(1) required a minimum sentence of 180 months' imprisonment for Count Three.

At Cowart's original sentencing in 1993, the district court found that Cowart's three prior convictions qualified him as an armed career criminal. The court then accepted the PSI's calculations and found that Cowart's Guidelines range was 360 months to life imprisonment. The district court imposed a sentence of concurrent terms of 360 months' imprisonment for each of Counts One, Two, and Three. The district court stated the sentence was at the bottom of the Guidelines range, "reflecting [its] own personal feeling that there [were] some underlying problems with this entire case," but it still determined the sentence itself was sufficient to meet the goals of punishment and both specific and general

---

[2] Cowart was sentenced under the 1992 version of the Sentencing Guidelines.

3

deterrence.  The district court imposed concurrent terms of five years' supervised release for all three counts.

After an unsuccessful direct appeal, and two unsuccessful § 2255 motions to vacate, Cowart filed a counseled application for leave to file a second or successive application with this Court in 2016.  He sought to raise a claim that his sentence should be reduced pursuant to the Supreme Court's ruling in *Johnson v. United States*, 135 S. Ct. 2551 (2015), because he no longer had three qualifying prior convictions that would support the Armed Career Criminal enhancement.  This Court granted Cowart's application to file a second or successive § 2255 motion to correct his sentence.  We determined Cowart had only two predicate offenses that would qualify him for the 15-year statutory minimum sentence as an armed career criminal:  (1) the 1990 Florida conviction for possession with intent to distribute cocaine, which was a serious drug offense; and (2) the 1991 Florida conviction for aggravated assault, which was a violent felony under the elements clause of the ACCA.  Because it was unclear whether the district court concluded that his 1991 Florida burglary conviction was a violent felony based on the ACCA's now-unconstitutional residual clause, we remanded to "let the district court decide and tell us what it did at the 1993 sentencing as to the 1991 burglary conviction."

On remand, Cowart, through counsel, argued his sentence was no longer lawful as a result of *Johnson* and that he should now be resentenced without the

4

ACCA enhancement.  He acknowledged the Guidelines range was based on his career-offender designation and that the district court may have imposed the same sentence on the drug counts regardless of his armed-career-criminal status. However, he argued that, because his sentence involved multiple counts, it was a "sentencing package" that required full reconsideration.

In response, the Government conceded the ACCA enhancement no longer applied and the sentence for Count Three should be 120 months' imprisonment. However, the Government argued a new sentencing hearing was not required because Cowart's sentences for Counts One and Two remained unchanged by the invalidation of the ACCA enhancement for Count Three.

The district court[3] granted Cowart's § 2255 motion as to Count Three and stated it would correct his sentence.  The district court noted the ACCA enhancement served only to increase the sentence for Count Three to 180 months to life and that the Guidelines range of 360 months to life imprisonment was calculated based on the conduct charged in Counts One and Two.  The district court concluded it had the authority to correct a prisoner's sentence without conducting a formal resentencing hearing and that, while recognizing Cowart's arguments regarding the sentencing package doctrine, a formal resentencing was not warranted.  Thus, the district court corrected Cowart's sentence as to only

---

[3]  The same district judge presided over Cowart's original 1993 sentencing and Cowart's 2016 correction of sentence.

Count Three, reducing it from 360 months to 120 months' imprisonment, which was the statutory maximum penalty without the ACCA enhancement, and reducing his term of supervised release as to Count Three to three years. The district court left Cowart's judgment the same in all other respects.

Cowart, now proceeding *pro se*, filed a motion for reconsideration, arguing that, because he was sentenced at a time when the Guidelines range was mandatory, *United States v. Booker*, 543 U.S. 220 (2005) and its progeny suggested that the district court should have ordered a full resentencing hearing and taken into consideration other factors, such as his rehabilitation while incarcerated, to further reduce his sentence on Counts One and Two. The district court denied Cowart's motion for reconsideration.

## II.  DISCUSSION

In the context of a § 2255 motion requiring a change to a sentence, we ask the following two questions to determine whether a defendant is entitled to a resentencing hearing:  (1) "[D]id the errors requiring the grant of habeas relief undermine the sentence as a whole?", and (2) "[W]ill the sentencing court exercise significant discretion in modifying the defendant's sentence, perhaps on questions the court was not called upon to consider at the original sentencing?" *United States v. Brown*, 879 F.3d 1231, 1239-40 (11th Cir. 2018).  If the answers to these questions are affirmative, the district court's "sentence modification qualifies as a

critical stage in the proceedings, requiring a hearing with the defendant present." *Id.* at 1240.

The district court did not abuse its discretion when it corrected Cowart's sentence as to the § 922(g) offense in Count Three without a resentencing hearing. Neither of the two factors that would make the district court's sentence correction a "critical" proceeding were present. *See id.* at 1239-40.

First, the error requiring the grant of habeas relief did not undermine the sentence as a whole. Unlike the error in *Brown*, where the defendant's only count of conviction was subject to the ACCA enhancement and the defendant's sentence was necessarily undermined, *see id.* at 1240, the error requiring § 2255 relief in Cowart's case is limited to the ACCA enhancement to Cowart's sentence on Count Three. Cowart does not identify how this ACCA error influenced the original sentencing court's decisions on the sentences for Counts One and Two. The district court used the career-offender guideline, which was not invalidated by *Johnson*, to set Cowart's base offense level for the group of Counts One and Two, which, notably, would have been the same with or without Count Three. U.S.S.G. § 4B1.1. It thus calculated a Guidelines range of 360 months to life. The district court's subsequently-erroneous application of the ACCA enhancement for Count Three's sentence at 180 months' imprisonment was still below this Guidelines range. Thus, the improper enhancement and the sentence correction as to Count

7

Three did not undermine the sentence as a whole because the Guidelines sentence of 360 months still applied to Cowart's remaining counts of conviction.

Additionally, the district court did not need to exercise significant discretion in correcting Cowart's sentence primarily because it was not being called to answer questions that had not been considered in the original sentencing hearing. While Cowart argues he should have been able to present evidence for the § 3553(a) factors upon resentencing because he was originally sentenced when the Guidelines were mandatory, it was not the erroneous ACCA enhancement that prevented him from meaningfully challenging these issues during the original sentencing. Moreover, the evidence of post-sentencing rehabilitation that Cowart seeks to present at resentencing was, by its post-sentencing nature, not available at the original sentencing and its consideration was not foreclosed because of the ACCA error.

## III.  CONCLUSION

The district court did not abuse its discretion when it corrected Cowart's sentence without a resentencing hearing. For the foregoing reasons, we affirm.[4]

**AFFIRMED.**

---

[4] Because we affirm the district court's sentence correction, we also **DENY** Cowart's motion to expedite as moot.