[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-15115
Non-Argument Calendar
_____

D.C. Docket No. 8:10-cr-00081-JDW-CPT-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALPHONSO ARTHUR EDWARDS,
agent of A1,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 23, 2020)

Before WILLIAM PRYOR, Chief Judge, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Alphonso Edwards appeals the denial of his motion to reduce his sentence based on the First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194. 18 U.S.C. § 3582(c)(1)(B). The district court ruled that Edwards was eligible for a sentence reduction under the Act but denied his motion to reduce his sentence. Edwards argues that the district court erred by denying his motion without holding a hearing where he was present. We affirm.

Edwards's argument is foreclosed by our recent decision in *United States v. Denson*, No. 19-11696 (11th Cir. June 24, 2020), where we held that a defendant does not have a right to be present when the district court considers a motion to reduce his sentence under the First Step Act. *Id.*, slip op. at 1, 4–5. We rejected the same argument that Edwards makes: that the "significant discretion" exercised by the district court under the Act makes its ruling a "critical stage" that requires a movant's presence. *See United States v. Brown*, 879 F.3d 1231 (11th Cir. 2018). We held that "a sentencing modification under the First Step Act does not qualify as a 'critical stage in the proceedings'" because the district court conducts a limited review of a sentence instead of a full resentencing. *Denson*, No. 19-11696, slip op. at 6–7. No error occurred when the district court denied Edwards's motion without holding a hearing where he was present.

2

**AFFIRMED.**