[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-15029
Non-Argument Calendar
_____

D.C. Docket No. 8:08-cr-00534-EAK-TGW-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CALEB MICHAEL CHARLES,
a.k.a. Cain,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 15, 2020)

Before NEWSOM, BRANCH and MARCUS, Circuit Judges.

PER CURIAM:

Caleb Michael Charles appeals the district court's denial of his motion for a reduction in sentence under Section 404 of the First Step Act of 2018, Pub. L. 115 391, 132 Stat. 5194 ("First Step Act").  He argues that the district court abused its discretion by declining to reduce his sentence after finding that he was convicted of a covered offense and by denying his request for a hearing on his motion.  After careful review, we affirm.

We review de novo whether a district court had the authority to modify a term of imprisonment.  United States v. Jones, 962 F.3d 1290, 1296 (11th Cir. 2020). While district courts generally lack the inherent authority to modify a term of imprisonment unless, for example, a statute expressly permits them to do so, 18 U.S.C. § 3582(c)(1)(B), the First Step Act expressly allows them to reduce a previously imposed term of imprisonment in certain circumstances.  Jones, 962 F.3d at 1297.  We review the district court's denial of an eligible movant's request for a reduced sentence under the First Step Act for abuse of discretion.  Id. at 1296.  A district court abuses its discretion by using an incorrect legal standard.  Diveroli v. United States, 803 F.3d 1258, 1262 (11th Cir. 2015).

In 2010, before the First Step Act, Congress enacted the Fair Sentencing Act, which amended 21 U.S.C. §§ 841(b)(1) and 960(b) to reduce the sentencing disparity between crack and powder cocaine.  Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 ("Fair Sentencing Act"); see Dorsey v. United States, 567 U.S.

260, 268–69 (2012) (detailing the history that led to enactment of the Fair Sentencing Act, including the Sentencing Commission's criticisms that the disparity between crack cocaine and powder cocaine offenses was disproportional and reflected race-based differences).  Section 2 of the Fair Sentencing Act changed the quantity of crack cocaine necessary to trigger a 10-year mandatory minimum from 50 grams to 280 grams and the quantity necessary to trigger a 5-year mandatory minimum from 5 grams to 28 grams.  Fair Sentencing Act § 2(a)(1)–(2); see also 21 U.S.C. § 841(b)(1)(A)(iii), (B)(iii).  These amendments were not made retroactive to defendants who were sentenced before the enactment of the Fair Sentencing Act. United States v. Berry, 701 F.3d 374, 377 (11th Cir. 2012).

In 2018, Congress enacted the First Step Act, which made retroactive the statutory penalties for covered offenses enacted under the Fair Sentencing Act.  See First Step Act § 404.  Under § 404(b) of the First Step Act, a court "that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed."  The statute defines "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . . , that was committed before August 3, 2010."  Id. § 404(a).  The statute makes clear that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section."  Id. § 404(c).

In Jones, we considered the appeals of four federal prisoners whose motions for a reduction of sentence pursuant to § 404(b) were denied in the district courts. 962 F.3d at 1293. We began by holding that a movant was convicted of a "covered offense" if he was convicted of a crack-cocaine offense that triggered the penalties in § 841(b)(1)(A)(iii) or (B)(iii). Id. at 1301. We instructed that when the district court is assessing whether an offense triggered the penalties in § 841(b)(1)(A)(iii) or (B)(iii) and, therefore, was a "covered offense," the court must consult the record, including the movant's charging document, the jury verdict or guilty plea, the sentencing record, and the final judgment. Id. at 1300–01. We rejected the government's argument that, when conducting this inquiry, the district court should consider the actual quantity of crack cocaine involved in the movant's violation. Id. at 1301. However, we recognized that a judge's actual drug quantity finding remains relevant to the extent the judge's finding triggered a higher statutory penalty. Id. at 1302. Applying this inquiry to the four movants in Jones, we concluded that all four were sentenced for covered offenses because they were sentenced for offenses with penalties modified by the Fair Sentencing Act. Id. at 1302–03.

Next, we explained that a movant's satisfaction of the "covered offense" requirement does not necessarily mean that the district court is authorized to reduce his sentence. Id. at 1303. Specifically, we held that when § 404(b) of the First Step Act provides that any reduction must be "as if sections 2 and 3 of the Fair Sentencing

Act . . . were in effect at the time the covered offense was committed," it imposes two limitations on the district court's authority. Id. (quoting First Step Act § 404(b); emphasis added). One, the district court cannot reduce a sentence where the movant received the lowest statutory penalty that would also be available to him under the Fair Sentencing Act. Id. Two, in determining what a movant's statutory penalty would have been under the Fair Sentencing Act, the district court is bound by a previous drug-quantity finding that was used to determine the movant's statutory penalty at the time of sentencing. Id. Applying these limitations, we held that if a movant's sentence necessarily would have remained the same had the Fair Sentencing Act been in effect -- that is, if his sentence was equal to the mandatory statutory minimum imposed by the Fair Sentencing Act for the quantity of crack cocaine that triggered his statutory penalty -- then the Fair Sentencing Act would not have benefited him, and the First Step Act does not authorize the district court to reduce his sentence. Id. at 1303.

Using this framework, we affirmed the denials of two of the movants' motions in Jones, and vacated and remanded as to the others because the district courts had authority to reduce their sentences under the First Step Act, but it was unclear whether the courts had recognized that authority. Id. at 1304–05. We held that it was error for a district court to conclude that a movant was ineligible based on (1) a higher drug quantity finding that was made for sentencing -- not statutory --

purposes, (2) a movant's career-offender status, or (3) a movant's sentence being at the bottom of the guideline range. Id. at 1305. Because it was ambiguous whether the district courts denied the motions for one of those improper reasons, we vacated and remanded for further consideration. Id.

Finally, we noted that, while a district court may have the authority to reduce a sentence under § 404 of the First Step Act, it is not required to do so. Id. at 1304. We held that a district court has wide latitude to decide whether and how to exercise its discretion, and that it may consider the 18 U.S.C. § 3553(a) factors and a previous drug-quantity finding made for the purposes of relevant conduct. Id. at 1301, 1304.

In a case following Jones, we addressed whether a district court had erred by ruling on a motion filed under the First Step Act without first holding a hearing on the motion. See United States v. Denson, 963 F.3d 1080, 1082 (11th Cir. 2020). We held that the statute does not require the district court to hold a hearing with the defendant present, noting that "the First Step Act does not mention, let alone mandate, a hearing." Id. at 1086 (quoting United States v. Williams, 943 F.3d 841, 843 (8th Cir. 2019)). We also rejected the movant's argument that he had a due process right to be present at this kind of hearing. Id. at 1087-88. We emphasized that the First Step Act left the choice of whether to resentence and to what extent to the district court's sound discretion. Id. at 1087. Finally, we concluded that under the two-part test in United States v. Brown, 879 F.3d 1231 (11th Cir. 2018), a

6

sentencing modification under the First Step Act was not a critical stage in the proceedings that required a movant's presence at a hearing. Id. at 1089.

Here, the record shows, and the parties agree, that the district court correctly found that Charles was convicted of a covered offense and eligible for relief under the First Step Act. Contrary to Charles's claims, however, the record also shows that the district court recognized it had the authority to reduce Charles's sentence, but exercised its discretion not to do so. The district court began by acknowledging both parties' arguments about a sentence reduction, expressly noting Charles's disciplinary and educational records in prison. The court added that, although the First Step Act and Fair Sentencing Act had altered the statutory penalties for Count Two, Charles's guideline range had not changed. The court then clearly said that it "would have imposed [the same sentence] regardless of whether the [Fair Sentencing Act] had been in effect" because Charles's low-end guideline range sentence was justified by the factors it considered at his original sentencing. Thus, the record reflects that the court considered the 18 U.S.C. § 3553(a) factors and decided not to exercise its discretion to reduce his sentence. Moreover, the court actually reduced Charles's term of supervised release based on the change in statutory penalties, further demonstrating that it recognized its authority to modify Charles's sentence. In short, the record in no way suggests that the district court held a mistaken belief that it could not reduce Charles's sentence below the guideline range.

As for Charles's argument that the district court was required to hold a hearing before it ruled on his motion, we disagree.  Our recent decision in <u>Denson</u> squarely forecloses Charles's arguments that a sentence modification under the First Step Act is a critical stage in the proceeding and that the lack of a hearing violated his due process rights.  <u>See</u> <u>Denson</u>, 963 F.3d at 1087-89.  Accordingly, we affirm.

**AFFIRMED**.