[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-11405

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

DONALD M. REYNOLDS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 1:06-cr-00081-DHB-BKE-2

_____

Before ROSENBAUM, GRANT, and BRASHER, Circuit Judges.

PER CURIAM:

Donald M. Reynolds, a federal prisoner proceeding *pro se*, appeals the district court's order resentencing him to 420 months' imprisonment following the vacatur of one of his three convictions under *Rehaif v. United States*, 139 S. Ct. 2191 (2019). Specifically, Reynolds argues that the district court abused its discretion in denying him a full resentencing hearing where it could reconsider his sentences on the two counts of conviction that were unaffected by the district court's vacatur. The government has filed a motion for summary affirmance, arguing that Reynolds is not entitled to a plenary resentencing of counts that were unaffected by *Rehaif*. We agree, grant the government's motion, and affirm.

Summary disposition is appropriate where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1161-62 (5th Cir. 1969).

We review "for an abuse of discretion the remedy granted by a district court when it corrects a sentence." *United States v. Brown*, 879 F.3d 1231, 1235 (11th Cir. 2018). A district court abuses its discretion if its choice of remedy is contrary to law. *Id.* Under this standard, we must affirm unless we find that the district court has made a clear error of judgment or has applied the wrong legal

23-11405                Opinion of the Court                3

standard. *United States v. Thomason*, 940 F.3d 1166, 1171 (11th Cir. 2019).

When a district court grants a motion to vacate, set aside, or correct a sentence, it must either resentence the prisoner or correct his sentence. *Id.* We have explained that a resentencing is close to beginning the sentencing process anew and is open-ended and discretionary. *Id.* On the other hand, a sentence correction is a more limited remedy, responding to a specific error. *Id.* A district court should hold a resentencing hearing if (1) the errors that required the grant of habeas relief undermine the sentence as a whole and (2) the sentencing court must exercise significant discretion in modifying the defendant's sentence such as on questions the court was not called upon to consider at the original sentencing. *Brown*, 879 F.3d at 1239-40. But a district court need not conduct a full resentencing when correcting an error does not change the guideline range or make the sentence more onerous. *Thomason*, 940 F.3d at 1173.

The district court did not err in declining to hold a plenary resentencing hearing after vacating one of Reynolds's convictions. The district court vacated Reynolds's conviction for a firearm offense in Count 3. But the vacatur of Count 3 did not impact Reynolds's guideline range, which remained 135-168 months' imprisonment, plus 120 months, to be served consecutively. And the district court did not impose a more onerous total sentence than the original sentence. Instead, the district court imposed the same total sentence consisting of a term of 300 months' imprisonment on Count

1 and a consecutive 120 months' imprisonment on Count 2, for the same total sentence of 420 months.

Although Reynolds challenges certain actions taken by the district court at his original sentencing, he already filed a direct appeal of that sentencing. We affirmed his conviction and sentence in 2008. *See United States v. Price*, 298 F. App'x 931 (11th Cir. 2008) (unpublished). Thus, he cannot raise such claims now. *See United States v. Escobar-Urrego*, 110 F.3d 1556, 1560 (11th Cir. 1997) (a matter omitted from a first appeal "may be held foreclosed on a later appeal to the same court as a matter of law of the case"); *United States v. Fiallo-Jacome*, 874 F.2d 1479, 1482 (11th Cir. 1989) (declining to give the appellant "two bites at the appellate apple").

Because the government's position is correct as a matter of law, no substantial question exists as to the outcome. *See Groendyke Transp., Inc.*, 406 F.2d at 1162. Therefore, we **GRANT** the government's motion for summary affirmance.

**AFFIRMED.**