[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-11668

_____

D.C. Docket Nos. 3:03-cr-00133-LC-CJK-1,
3:16-cv-00282-LC-CJK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RIC THOMASON JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(October 10, 2019)

Before WILLIAM PRYOR and JILL PRYOR, Circuit Judges, and ROBRENO,[*]
District Judge.

_____

[*] Honorable Eduardo C. Robreno, United States District Judge for the Eastern District of
Pennsylvania, sitting by designation.

WILLIAM PRYOR, Circuit Judge:

This appeal requires us to decide whether the district court abused its discretion in denying Ric Thomason Jr. a resentencing hearing after it granted his motion to correct his sentence, 28 U.S.C. § 2255, for an error that affected four of his eight counts of conviction but did not change his guideline range. Thomason pleaded guilty to four counts of being a felon in possession of a firearm, 18 U.S.C. §§ 922(g)(1), 924(e), and four counts of possession and sale of stolen firearms, *id.* §§ 922(j), 924(a)(2). The district court ruled that his felon-in-possession convictions qualified for an increased sentence under the Armed Career Criminal Act, *id.* § 924(e), but that his guideline range of 235 to 293 months of imprisonment remained the same. The district court departed upwards based on Thomason's criminal history and imposed a concurrent sentence of 327 months of imprisonment for the felon-in-possession convictions and 120 months of imprisonment for the stolen-firearms convictions. Thomason moved to correct his sentence after the Supreme Court ruled the residual clause of the Act void for vagueness in *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015). The district court granted Thomason's motion and, after considering the parties' briefs and exhibits but without holding a hearing, lowered his sentence to the top of the

2

guideline range—293 months of imprisonment—for the felon-in-possession convictions but left the rest of his sentence intact. We affirm.

## I. BACKGROUND

In 2003, police arrested Ric Thomason Jr., a convicted felon, for selling stolen firearms out of a stolen pickup truck. Between the firearms in Thomason's possession, those he had sold earlier that day, and those he had previously sold to pawn shops, police linked Thomason to 21 stolen firearms, almost all of which had been stolen in recent home burglaries.

Thomason pleaded guilty to four counts of possession of a firearm by a convicted felon, 18 U.S.C. §§ 922(g)(1), 924(e), and four counts of possession and sale of stolen firearms, *id.* §§ 922(j), 924(a)(2). The presentence investigation report grouped those counts together for a base offense level of 26. *See* United States Sentencing Guidelines Manual §§ 2K2.1(a)(1); 3D1.2(d) (Nov. 2003). The report then recommended a four-level increase for an offense involving at least eight but not more than 24 firearms, *id.* § 2K2.1(b)(1)(B), a two-level increase for an offense involving stolen firearms, *id.* § 2K2.1(b)(4), a four-level increase because the firearms were possessed during the commission of burglaries, *id.* § 2K2.1(b)(5), and a three-level reduction for acceptance of responsibility, *id.* § 3E1.1(a), (b). These adjustments yielded a total offense level of 33.

3

The report also determined that Thomason's four felon-in-possession convictions qualified for increased sentences under the Armed Career Criminal Act, 18 U.S.C. § 924(e), because of his four prior convictions for third-degree burglary, two prior convictions for third-degree escape, and one prior conviction for attempted escape. The Act raises the statutory range for the felon-in-possession convictions from zero to 10 years of imprisonment to 15 years to life imprisonment. *Id.* § 924(a)(2), (e)(1). And it raises the guideline range if the offense level or the criminal history category from the provision of the Guidelines tied to the enhancement is higher than the defendant's offense level or criminal history category from the otherwise applicable provisions of the Guidelines. U.S.S.G. § 4B1.4. The report concluded that although the enhancement raised Thomason's statutory sentencing range, it did not affect his guideline range because his offense level and criminal history category were higher under the otherwise applicable provisions of the Guidelines.

The district court adopted this conclusion, without objection, but it erred. Under the 2003 version of the Guidelines, the special offense characteristics in section 2K2.1(b)(1)–(4) could not increase "the cumulative offense level" above 29, yet the report included special offense characteristics under those provisions that brought Thomason's cumulative offense level to 32. Absent that error, Thomason's total offense level would have been only 30—one point lower than his

4

offense level under the provision tied to the enhancement. So the higher offense level from the provision tied to the enhancement should have applied, which means the enhancement should have raised his guideline range. *See id.* § 4B1.4(b)(3)(A). It is undisputed that the district court correctly calculated Thomason's criminal history category as VI.

Unaware of this error because neither party raised it, the district court determined that Thomason's guideline range was 235 to 293 months of imprisonment. The district court imposed a sentence of 327 months of imprisonment on each of the felon-in-possession convictions, *see id.* § 4A1.3, and the statutory maximum of 120 months of imprisonment on the stolen-firearms convictions, all to run concurrently. The 327-month term was the result of an upward departure based on the "extent and nature of [Thomason's] criminal history," which included many unscored juvenile and adult convictions and three pending criminal matters involving similar conduct. *See id.* § 4A1.3. Thomason did not appeal his convictions or sentence.

In 2016, Thomason filed a motion to correct his sentence, 28 U.S.C. § 2255, on the ground that he no longer qualified for an enhanced sentence under the Armed Career Criminal Act based on *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015). The government conceded that Thomason's enhanced sentence was unlawful, but it asked the district court to "preserve the originally imposed

5

sentence" of 327 months of imprisonment by imposing consecutive, instead of concurrent, sentences for his felon-in-possession convictions. Under this approach, the government argued that the district court would not need to hold a resentencing hearing. Thomason replied that a concurrent sentence of 120 months of imprisonment was warranted and that, if the district court were inclined to run his sentences consecutively, he should be afforded a "formal resentencing" where he could present evidence of his post-sentencing rehabilitative conduct.

The district court granted Thomason's motion to correct his sentence. Instead of holding a formal resentencing hearing, the district court invited the parties to "submit any additional written materials that they wish the court to consider in fashioning a just and reasonable sentence." Thomason submitted a sentencing memorandum with exhibits detailing his post-sentencing conduct. The filings explained that Thomason had obtained his general equivalency diploma and a certificate in horticulture and received a favorable progress report from his case manager. He contended that "[i]mposing the same sentence . . . would not account for [his] demonstrated dedication to rehabilitation and his positive response to incarceration." The government again asked the district court to reimpose a sentence of 327 months on the ground that the district court had already considered all the relevant statutory sentencing factors, 18 U.S.C. § 3553(a), when it departed upwards at the original sentencing hearing.

6

The district court reduced Thomason's total sentence to 293 months of imprisonment. It explained that the *Johnson* error had not affected Thomason's original guideline range of 235 to 293 months of imprisonment but had raised his statutory range for each of the four felon-in-possession convictions. Without the erroneous enhancements under the Act, Thomason's statutory range was zero to ten years of imprisonment on each count—much lower than even the bottom of the guideline range. But the district court explained that a sentence at the top of the range—293 months—was "just and reasonable" based on its consideration of the parties' arguments and the statutory sentencing factors. To reach that sentence, it imposed a 120-month term of imprisonment for each of the four felon-in-possession counts, to run consecutively to the extent necessary to achieve a total term of imprisonment of 293 months. *See* U.S.S.G. § 5G1.2(d). The district court left "all other provisions" of its original judgment and sentence in "full force and effect."

We granted a certificate of appealability on "whether the district court abused its discretion in failing to hold a resentencing hearing, with the defendant present, prior to imposing a modified sentence."

## II. STANDARD OF REVIEW

"In a section 2255 proceeding, we review legal conclusions *de novo* and factual findings for clear error." *Osley v. United States*, 751 F.3d 1214, 1222 (11th

7

Cir. 2014). We review for an abuse of discretion the remedy granted by a district court when it corrects a sentence. *United States v. Brown*, 879 F.3d 1231, 1235 (11th Cir. 2018). Under this standard, "we must affirm unless we find that the district court has made a clear error of judgment, or has applied the wrong legal standard." *United States v. Frazier*, 387 F.3d 1244, 1259 (11th Cir. 2004) (en banc).

### III. DISCUSSION

When a district court grants a motion to vacate, set aside, or correct a sentence based on a sentencing error, it must either resentence the prisoner or correct his sentence. *Brown*, 879 F.3d at 1235 (citing 28 U.S.C. § 2255(b)). A resentencing is "close[] to beginning the sentencing process anew" and is "open-ended and discretionary." *Id.* at 1236. A sentence correction, in contrast, is "a more limited remedy, responding to a specific error." *Id.* The district court has broad discretion to choose between these remedies. *Id.* at 1235. But the Due Process Clause places a limit on that discretion. *See* U.S. Const. amend V.

The Due Process Clause grants criminal defendants a "right to be present at any stage of the criminal proceeding that is critical to its outcome if his presence would contribute to the fairness of the procedure." *Kentucky v. Stincer*, 482 U.S. 730, 745 (1987). One "critical stage" is when the defendant's sentence is imposed, which we have ruled "extends to the imposition of a[n entirely] new sentenc[e]"

following vacatur of the previous sentence. *United States v. Jackson*, 923 F.2d 1494, 1496 (11th Cir. 1991); *see also* Fed. R. Crim. P. 43(a)(3) ("[T]he defendant must be present at . . . sentencing."). The defendant's presence at the sentencing hearing "ensure[s] that . . . [he] has an opportunity to challenge the accuracy of information the sentencing judge may rely on, to argue about its reliability and the weight the information should be given, and to present any evidence in mitigation he may have." *Jackson*, 923 F.2d at 1496–97.

A defendant does not have "a right to be present whenever" a district court takes an action to modify his sentence. *United States v. Parrish*, 427 F.3d 1345, 1347 (11th Cir. 2005) (quoting *Jackson*, 923 F.2d at 1496). For example, a defendant does not have a right to be present when the district court corrects or reduces his sentence because of an arithmetical error or based on a motion for substantial assistance, Fed. R. Crim. P. 35, or for extraordinary reasons, 18 U.S.C. § 3582(c). Fed. R. Crim. P. 43(b)(4). After all, the defendant has a right to be present only if the modification to the sentence constitutes a critical stage where "his presence would contribute to the fairness of the procedure," *Stincer*, 482 U.S. at 745, and many minor modifications to sentences do not satisfy that requirement. *See Jackson*, 923 F.2d at 1496–97 (holding that the defendant did not have a right to a hearing before a correction under Rule 35 because unlike "an initial sentencing, or even a resentencing where an entire sentencing package has been

9

vacated on appeal," in a correction under Rule 35, the "necessary process has already occurred").

To determine if a sentence correction is a critical stage requiring a hearing with the defendant present, we have identified two fact-intensive inquiries "to guide our consideration." *Brown*, 879 F.3d at 1239–40. First, we ask whether "the errors [that required] the grant of habeas relief undermine[d] the sentence as a whole." *Id.* at 1239. Second, we ask whether "the sentencing court exercise[d] significant discretion in modifying the defendant's sentence, perhaps on questions the court was not called upon to consider at the original sentencing." *Id.* at 1239–40. If these factors are present, the district court may not modify the defendant's sentence without holding a hearing with the defendant present. *Id.* at 1240.

An error undermines the sentence as a whole when it forces the district court to revisit the entire sentence. This kind of error occurred in *Brown* when the movant's sentence on a single count had been erroneously enhanced under the Armed Career Criminal Act—for an increased statutory and guideline range. *Id.* at 1240. There may also be times when a hearing is required even if only one count in a multi-count conviction is unlawful. *Id.* at 1239. But when the district court vacates a single count in a multi-count conviction, it has the discretion to determine whether it needs to conduct a full resentencing to ensure that the sentence remains "sufficient, but not greater than necessary, to comply with the

10

purposes [of sentencing in section 3553(a)]." 18 U.S.C. § 3553(a); *Jackson*, 923 F.2d at 1496–97; *Troiano v. United States*, 918 F.3d 1082, 1087 (9th Cir. 2019) ("[T]he decision . . . to conduct a full resentencing on all remaining counts of conviction when [the district court modifies] one or more counts of a multi-count conviction . . . rests within the sound discretion of the district court."), *cert. denied*, 139 S. Ct. 2729 (2019); *United States v. Hadden*, 475 F.3d 652, 669 (4th Cir. 2007).

A district court need not conduct a full resentencing when correcting the error does not change the guideline range and the district court does not make the sentence more onerous. *See Brown*, 879 F.3d at 1239–40. In *Jackson*, for example, we held that the district court was not required to hold a hearing before correcting the defendant's sentence, Fed. R. Crim. P. 35, after concluding that the sentences for some of the counts were too long and lowering the sentences for those counts. 923 F.2d at 1495–97. And in *Troiano*, the Ninth Circuit held that the district court did not abuse its discretion in refusing to hold a hearing before reducing the movant's sentence on one count in a four-count conviction when correcting the error did not change the movant's guideline range or his total sentence. 918 F.3d at 1084–88; *see also Hadden*, 475 F.3d at 669 (holding that the district court did not err in refusing to hold a hearing before vacating one count of a three-count

11

conviction and reducing the total sentence by the term of imprisonment for that count).

A resentencing hearing may be necessary "when a court must exercise its discretion in modifying a sentence in ways it was not called upon to do at the initial sentencing." *Brown*, 879 F.3d at 1239. That exercise may occur, for example, if the district court vacates a mandatory-minimum sentence and then is able to consider the statutory sentencing factors for the first time. *Id.* But, "[a]t the other end of the spectrum," a district court does not exercise its discretion when it vacates and reimposes the "exact same sentence" to allow a defendant "to file an out-of-time direct appeal." *Id.* (citing *Parrish*, 427 F.3d at 1346, 1348). Again, the touchstone is whether the district court exercised its discretion so significantly that the modification is a critical stage where the defendant's presence could make a difference. *See id.*

The district court did not abuse its discretion in rejecting Thomason's request for a hearing. The *Johnson* error in Thomason's original sentencing did not undermine his sentence as a whole. In imposing the original sentence for Thomason's four felon-in-possession counts, the district court did not rely on a guideline range that was affected by the *Johnson* error, nor did it appear to rely on the erroneous fifteen-year mandatory minimum. It instead calculated a guideline range that was unaffected by the error and then, after determining that the top of

that range was insufficient, departed upwards—147 months above the mandatory minimum. This record made it simple to correct Thomason's sentence. The district court again considered the guideline range and determined, based on "the record and the arguments and submissions of the parties," that lowering the sentence to 293 months of imprisonment was "just and reasonable."

To be sure, Thomason's guideline range *would* have been affected by the *Johnson* error if the Guidelines had been correctly calculated at his original sentencing. But Thomason failed to make the district court aware of that error, so the *Johnson* error did not impact his guideline range. And Thomason cannot challenge the Guidelines calculation now because even if he had preserved this claim, it is not cognizable in a motion to vacate. *Spencer v. United States*, 773 F.3d 1132, 1140 (11th Cir. 2014) (en banc) (holding that a miscalculation of the guideline range is not cognizable in a motion to vacate because the "miscalculation of [an advisory] guideline range cannot be a complete miscarriage of justice").

Thomason erroneously argues that the *Johnson* error undermined his sentence as a whole because he is essentially in the same position as the movant in *Brown*. Thomason contends that by the time he filed his section 2255 motion, he had already served over 120 months in prison—the term of imprisonment for his four counts of possession and sale of stolen firearms—so the only portion of his sentence that remained was his unlawfully enhanced 327-month term of

13

imprisonment. He argues that, like Brown's single count of conviction, his entire sentence was essentially vacated. *See Brown*, 879 F.3d at 1240. But Thomason misunderstands the nature of our analysis in *Brown*, which looked at the modification "pragmatic[ally]," undertaking a "fact-intensive inquiry into whether the errors requiring the grant of habeas relief undermine[d] the sentence as a whole." *Id.* at 1238. As explained, the answer to that inquiry is no.

When Thomason was first sentenced, only half of his counts of conviction were unlawfully subject to an enhanced statutory range. Although correcting the error did not require the district court to reduce his sentence—in fact, the corrected statutory range permitted a sentence of up to 960 months of imprisonment—the district court nevertheless chose to reduce his term of imprisonment on the four counts that had been unlawfully enhanced. Even though Thomason had already been imprisoned longer than the term of imprisonment on the other four counts, we cannot ignore the fact that when the error occurred—at the original sentencing—it did not affect half of his counts or his guideline range. And Thomason received a hearing at that time, where he was free to object to the government's evidence, present evidence and arguments in support of mitigation, and personally address the sentencing court. *See Jackson*, 923 F.2d at 1496–97. The *Johnson* error did not undermine Thomason's sentence as a whole when the error did not change his guideline range and the district court imposed a less onerous total sentence.

14

The two exercises of discretion by the district court were not so significant as to require Thomason's presence. The district court first exercised its discretion by considering evidence of Thomason's post-sentencing rehabilitative conduct. Thomason argues that he should have had the opportunity to present this evidence in a hearing, but we have already held that a district court may rely on post-sentencing conduct in a sentence-modification procedure, 18 U.S.C. § 3582(c), without holding a hearing as long as both parties are given notice and an opportunity to contest the new information. *United States v. Jules*, 595 F.3d 1239, 1245 (11th Cir. 2010). That process is exactly what the district court employed here by inviting the parties to make written submissions. The district court did not abuse its discretion when it considered evidence of his rehabilitation in writing instead of at a formal hearing. Nor did the district court abuse its discretion when it changed Thomason's sentences on his four felon-in-possession convictions from concurrent to consecutive. In *Jackson*, the district court modified the defendant's sentence by reducing the term on two of his counts to their lowered statutory maximums and running those terms consecutively, leading to a sentence that was 15 years shorter than the original sentence. 923 F.2d at 1496. We affirmed the decision to make that modification without holding a hearing. *Id.* at 1497.

Thomason argues that the district court varied upward when it modified his sentence, which was an act of discretion that required a hearing, but no upward

variance occurred. The district court imposed a sentence at the top of the guideline range. And because that sentence was longer than the statutory maximum for any of Thomason's individual counts of conviction, it ran the four 120-month terms consecutively to the extent necessary to achieve a total term of imprisonment of 293 months. *See* U.S.S.G. § 5G1.2(d). So, contrary to Thomason's contention, the district court did not vary upward. And the two exercises of discretion by the district court were not so significant that due process required it to hold a hearing with Thomason present.

## IV. CONCLUSION

We **AFFIRM** the order modifying Thomason's sentence.