[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 20-10717
Non-Argument Calendar

————————————————

D.C. Docket No. 8:08-cr-00296-SDM-JSS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TERRANCE D. OWENS,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Middle District of Florida

————————————————

(December 8, 2020)

Before MARTIN, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

Terrance Owens appeals the district court's denial of his motion to reduce

his sentence under the First Step Act of 2018.  After careful review, we conclude

the district court did not violate Owens's due process rights when it decided his

First Step Act motion without holding a hearing at which he was present. The district court also did not abuse its discretion in denying his motion. We therefore affirm the district court's decision.

**I**

In 2008, Owens pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and conspiracy to possess with intent to distribute cocaine base in violation of 21 U.S.C. § 846. The district court determined the guideline range to be 262- to 327-months imprisonment. The district court sentenced Owens to 210-months imprisonment, consisting of 120 months for the felon in possession conviction and 210 months for the conspiracy to distribute cocaine conviction, running concurrently.

After passage of the First Step Act, the probation office filed a First Step Act memo in Owens's case. The probation office noted that the district court previously varied downward by 52 months, or 19.84 percent, from the low end of the guideline range. A comparable variance from the low end of the amended guideline range would provide for a sentence of 150-months imprisonment. The probation office observed that Owens completed over 1,000 hours of education classes, earned his GED while in custody, and completed vocational training in a variety of areas. However, it also noted ten disciplinary infractions, including introducing drugs into the prison and fighting with another prisoner. The probation

2

office said it was "particularly troubled by the defendant's conduct while in the Bureau of Prisons."

Owens then filed a motion under section 404 of the First Step Act and 18 U.S.C. § 3582(c)(1)(B) to reduce his total sentence from 210-months imprisonment to 150-months imprisonment or time served. The government opposed Owens's motion for reduction of his total sentence. The district court denied Owens's motion. It noted the probation office's statement that it was "particularly troubled by the defendant's conduct while in the Bureau of Prisons." The district court also said the government "argue[d] convincingly that the defendant's 'post-sentencing conduct militates against granting [the defendant] a discretionary sentence reduction.'" An accompanying document to the district court's order stated that Owens's "earlier sentence was a reasonable sentence." This is Owens's appeal.

## II

We review de novo constitutional questions. United States v. Castillo, 899 F.3d 1208, 1212 (11th Cir. 2018). We review for abuse of discretion the denial of a motion for a reduced sentence under the First Step Act. United States v. Jones, 962 F.3d 1290, 1296 (11th Cir. 2020).

## III

Owens raises two issues for our review. First, Owens says his due process rights were violated because the district court decided his First Step Act motion

3

based on post-judgment facts proffered without a hearing at which he was present.

Second, Owens says the district court abused its discretion in denying his First

Step Act motion.  We address each issue in turn.

A

We begin with Owens's assertion that his due process rights were violated

when the district court decided his First Step Act motion without a hearing at

which he was present.  "The Due Process Clause grants criminal defendants a

'right to be present at any stage of the criminal proceeding that is critical to its

outcome if his presence would contribute to the fairness of the procedure.'"

United States v. Thomason, 940 F.3d 1166, 1171 (11th Cir. 2019) (quoting

Kentucky v. Stincer, 482 U.S. 730, 745, 107 S. Ct. 2658, 2667 (1987)).  Owens

argues that the district court's consideration of his First Step Act motion was a

"critical stage" where he had the right to be present.  As such, he says the district

court violated his due process rights by deciding his motion without a hearing with

him in attendance.

Owens's argument is foreclosed by our precedent.  In United States v.

Denson, 963 F.3d 1080 (11th Cir. 2020), a panel of our Court considered "whether

Denson had a legal right to be present at a hearing before the district court ruled on

his [First Step Act] motion."  Id. at 1086.  In addressing Denson's reliance on 18

U.S.C. § 3582(c), the panel first observed that Federal Rule of Criminal Procedure

4

43 expressly provides that Denson's presence was not required at proceedings involving the reduction of a sentence under section 3582(c).  Id. at 1087.  The panel then recognized "the right to be present under Rule 43 is at least as broad as the right under the Due Process Clause" and thus "Denson's due process claim also fails."  Id. at 1087–88.  "In short, because Rule 43 did not require Denson's presence at a § 3582(c)(1)(B) sentence reduction hearing, Denson had no corresponding due process right to be present at such a hearing."  Id. at 1088.

The same reasoning applies to Owens's case.  Like Denson, Owens relies on 18 U.S.C. § 3582(c)(1)(B).  Rule 43 states that a "defendant need not be present" when a "proceeding involves the correction or reduction of sentence under Rule 35 or 18 U.S.C. § 3582(c)."  Fed. R. Crim. P. 43(b)(4).  "[T]he right to be present under Rule 43 is at least as broad as the right under the Due Process Clause."  Denson, 963 F.3d at 1087–88.  Accordingly, Owens's due process rights were not violated when the district court decided his motion without a hearing at which he was present.

## B

We now consider Owens's assertion that the district court abused its discretion in denying his First Step Act motion.  District courts ordinarily lack the inherent authority to modify a term of imprisonment but may do so when a statute expressly permits it.  Jones, 962 F.3d at 1297; see 18 U.S.C. § 3582(c)(1)(B).  The

First Step Act does just that: it "expressly permits district courts to reduce a previously imposed term of imprisonment." Jones, 962 F.3d at 1297. Although the First Step Act provides district courts with authority to reduce a sentence, they are "not required to do so." Id. at 1304. Rather, "[d]istrict courts have wide latitude to determine whether and how to exercise their discretion." Id. District courts thus "may consider all the relevant factors, including the statutory sentencing factors" under 18 U.S.C. § 3553(a). Id. The parties here agree that the district court needed to weigh the section 3553(a) factors. Those factors include, among other things, the offense's nature and circumstances; the defendant's history and characteristics; and the need to reflect the seriousness of the offense, promote respect for the law, afford adequate deterrence, and protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a).

When weighing the section 3553(a) factors, a "district court should set forth enough information to satisfy the reviewing court of the fact that it has considered the parties' arguments and has a reasoned basis for making its decision." United States v. Kuhlman, 711 F.3d 1321, 1326 (11th Cir. 2013). However, it is not necessary for it "to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." Id. (quotation marks omitted). "The weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court." United States v. Croteau, 819 F.3d 1293,

6

1309 (11th Cir. 2016).  Even so, a "district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors."  United States v. Irey, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (quotation marks omitted).

Here, the district court denied Owens's motion for a reduced sentence under the First Step Act.  In doing so, it noted that the probation office was "particularly troubled by the defendant's conduct while in the Bureau of Prisons" and that the government "argue[d] convincingly that the defendant's 'post-sentencing conduct militates against granting [the defendant] a discretionary sentence reduction.'"  The court also said that Owens's "earlier sentence was a reasonable sentence."  Owens argues the district court abused its discretion in denying his motion.  We see no abuse of discretion.  The district court referenced the parties' filings (which addressed the various section 3553(a) factors) and acknowledged some of their arguments, showing us that "it has considered the parties' arguments and has a reasoned basis for making its decision."  Kuhlman, 711 F.3d at 1326.  Although Owens says "[t]here is no evidence that the district court [had] considered any additional § 3553(a) sentencing factors," Owens fails to explain how other section 3553(a) factors were "relevant" and "due significant weight."  See Irey, 612 F.3d at 1189.  And while the district court did not discuss all of the section 3553(a)

7

factors, it was not required to do so.  See Kuhlman, 711 F.3d at 1326.  To the extent Owens contests the district court's reasons for its decision, he does not explain why those reasons were "improper or irrelevant."  See Irey, 612 F.3d at 1189.  Nonetheless, we view Owens's post-sentencing conduct and the reasonableness of his earlier sentence as relevant, and the weight the district court gave to those considerations is committed to the court's sound discretion.  Croteau, 819 F.3d at 1309.  Owens also asserts that, in addition to considering the section 3553(a) factors, the district court needed to "impose a sentence sufficient, but not greater than necessary to accomplish the goals of sentencing."  But Owens does not articulate how the court's decision was greater than necessary to accomplish the goals of sentencing.  In any event, the court's decision as to Owens's sentence echoed the concerns expressed by the probation office and the government regarding Owens's post-sentence conduct.

## IV

Owens's due process rights were not violated when the district court decided his First Step Act motion without a hearing at which he was present.  The district court also did not abuse its discretion in denying Owens's motion.  We therefore **AFFIRM** the district court's decision.

8