[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-13920

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ANDRE T. PAIGE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:02-cr-00508-WFJ-TGW-1

_____

_____

No. 21-13958

Non-Argument Calendar

_____

ANDRE T. PAIGE,

Petitioner-Appellant,

*versus*

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:20-cv-01437-WFJ-TGW

_____

Before ROSENBAUM, JILL PRYOR, and MARCUS, Circuit Judges.

PER CURIAM:

Andre Paige appeals the district court's modification of his sentence, which now consists of a total sentence of life

imprisonment plus a consecutive 720 months' imprisonment.  The district court imposed this new sentence after it granted Paige's 28 U.S.C. § 2255 motion and vacated a conviction that carried a concurrent life sentence under *United States v. Davis*, 139 S. Ct. 2319 (2019).  The district court then granted a certificate of appealability ("COA") as to whether it abused its discretion in failing to hold a resentencing hearing before imposing its modified sentence.  After thorough review, we affirm.

We review our own appellate jurisdiction *de novo*.  *United States v. Cody*, 998 F.3d 912, 914 (11th Cir. 2021), *cert. denied*, 142 S. Ct. 1419 (2022).  "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a proceeding under section 2255."  28 U.S.C. § 2253(c)(1)(B).  A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  *Id.* § 2253(c)(2).  That is, a COA "must specify what constitutional issue jurists of reason would find debatable," even when a prisoner seeks to appeal a procedural error.  *Spencer v. United States*, 773 F.3d 1132, 1138 (11th Cir. 2014) (*en banc*).  The failure to specify a constitutional issue will result in vacatur of the COA.  *Id.*

We review a district court's choice of § 2255 remedy for abuse of discretion.  *United States v. Brown*, 879 F.3d 1231, 1235 (11th Cir. 2018).  A district court abuses its discretion if its choice of remedy is contrary to law.  *Id.*

When a district court grants a motion to vacate under § 2255, it must first vacate and set aside the judgment and then choose from four distinct remedies: (1) discharge the prisoner; (2) resentence the prisoner; (3) grant the prisoner a new trial; or (4) correct the prisoner's sentence. *Id.* "The district court has broad discretion to choose between these remedies." *United States v. Thomason*, 940 F.3d 1166, 1171 (11th Cir. 2019). However, "the Due Process Clause places a limit on that discretion." *Id.*

Notably, when a district court vacates a single count in a multi-count conviction, it has discretion to determine if it needs to conduct a full resentencing to ensure that the sentence complies with 18 U.S.C. § 3553(a). *Id.* at 1172. A district court does not need to conduct a full resentencing when correcting an error does not change the guideline range or make the sentence more onerous. *Id.* A resentencing may be necessary, though, "when a court must exercise its discretion in modifying a sentence in ways it was not called upon to do at the initial sentencing," like when a district court vacates a mandatory-minimum sentence and is then able to consider the sentencing factors for the first time. *Id.* at 1173 (quotations omitted). "[W]hen a defendant's sentence has been set aside on appeal and his case remanded for resentencing, a district court may consider evidence of a defendant's rehabilitation since his prior sentencing . . . ." *Pepper v. United States*, 562 U.S. 476, 490 (2011).

In *United States v. Fowler*, we described the "sentencing package doctrine" as a common judicial practice used when courts

sentence multiple, interrelated and interconnected counts of conviction. 749 F.3d 1010, 1015 (11th Cir. 2014). We explained that the underlying rationale of this practice is that "when a conviction on one or more of the component counts is vacated for good, the district court should be free to reconstruct the sentencing package . . . to ensure that the overall sentence remains consistent with the guidelines." *Id*. We noted that a "criminal sentence in a multi-count case is, by its nature, a package of sanctions that the district court utilizes to effectuate its sentencing intent consistent with the Sentencing Guidelines." *Id*. at 1015 (quotations omitted). We added that a district court may revise a sentence after direct appeal or a § 2255 proceeding so that the overall sentencing of the remaining counts is consistent with the § 3553(a) factors. *Id*. at 1017. Importantly, the district court in *Fowler* had made clear at resentencing -- after it granted a § 2255 motion -- that it viewed Fowler's sentence as a "package sentence" where Fowler was initially sentenced to life on Count 1, which was vacated, and sentenced to a consecutive 10-year term on Count 2. 749 F.3d at 1017–18. We said that "[a]s the architect of a sentence structure that has been partially dismantled by a conviction being vacated, the district court can redesign and rebuild it to achieve the original purpose and conform to code." *Id*. at 1018.

The First Step Act of 2018 amended 18 U.S.C. § 924(c)(1)(A) to state that the enhanced statutory penalties for subsequent § 924(c) convictions apply only to a "violation of this subsection that occurs after a prior conviction under this subsection has

become final." First Step Act of 2018, Pub. L. No. 115-391, § 403(a), 132 Stat. 5194, 5221–22 (2018). The Supreme Court has clarified that sentencing courts may consider the mandatory consecutive sentences under § 924(c) when calculating other sentences. *Dean v. United States*, 137 S. Ct. 1170, 1176–77 (2017).

For starters, we have jurisdiction to determine Paige's appeal on the merits. The crux of his appeal is grounded in whether his due process rights were violated by the district court's choice of remedy, and we've indicated that the Due Process Clause limits the district court's discretion in choosing the appropriate § 2255 remedy. *Thomason*, 940 F.3d at 1171; *Spencer*, 773 F.3d at 1138. Similarly, reasonable jurists could debate whether choosing a particular remedy over another after relief from a § 2255 motion -- like here, where the district court chose to modify a sentence instead of holding a resentencing hearing to consider additional evidence of post-sentencing rehabilitation and intervening statutory developments -- denies a defendant due process. *Spencer*, 773 F.3d at 1138. Therefore, the COA in this case is proper, and we have the authority to address Paige's claims on the merits. *Id.*; 28 U.S.C. § 2253(c)(2).

Nevertheless, the district court did not abuse its discretion by modifying Paige's sentence without holding a new sentencing hearing. *Brown*, 879 F.3d at 1235. As the record reflects, after granting Paige's § 2255 motion and vacating one of his convictions, the district court reimposed a total sentence of life imprisonment (concurrently, on two counts) plus 60 years' imprisonment -- which

was the same sentence as previously imposed, minus another concurrent life sentence for the one vacated count. We've made it clear that a district court has broad discretion to choose between different remedies after it grants a § 2255 motion and to choose whether a resentencing hearing is appropriate when one count is vacated in a multi-count conviction. *Thomason*, 940 F.3d at 1171–72. In this case, the district court explained that a resentencing hearing was not necessary because Paige's guideline range remained unchanged and the sentence was not more onerous, and Paige does not argue that there has been any material change in the guidelines that would have affected him. *Id.* at 1173. As Paige concedes, even under the new guidelines that he would have liked to raise at a new sentencing hearing, his sentence would continue to be a life sentence (concurrent on two counts) plus an additional 27 years (instead of an additional 60 years), leaving his life sentence intact. 18 U.S.C. § 924(c)(1)(A).

Further, although there have been changes in the statutory scheme with the passage of the First Step Act, the district court was not compelled to modify Paige's sentence in a different manner than it did at the initial sentencing; indeed, in imposing Paige's new sentence, the district court still was not in a position to vacate a mandatory-minimum sentence and then consider the sentencing factors for the first time. *Thomason*, 940 F.3d at 1173. The most the district court could have done would have been to decrease his sentences on the other concurrent terms or reduce the consecutive penalties on his § 924(c) counts to the new mandatory minimums,

which, again, would not decrease his total sentence below life imprisonment. *Id.*

It's also worth noting that Paige's case is factually and legally distinguishable from his codefendant's appeal in *Fowler* because Paige had two remaining concurring life sentences plus mandatory consecutive terms of imprisonment, even after he obtained § 2255 relief. Fowler, for his part, only had a single ten-year sentence of consecutive imprisonment remaining. *Fowler*, 749 F.3d at 1017–18. So although the district court could have treated Paige's sentence as a package because it involved multiple counts and rebuilt it upon resentencing, it was not required to do so, nor did it abuse its discretion by declining to do so. *Id.* at 1018.

Accordingly, the district court did not abuse its discretion by choosing to modify Paige's sentence instead of holding a resentencing hearing. *Thomason*, 940 F.3d at 1172. Moreover, because Paige was not entitled to a resentencing hearing in general, the district court did not abuse its discretion by failing to address any new arguments Paige would have liked to raise about, for example, his post-sentencing rehabilitation or the evolving legal landscape surrounding the sentencing of young adults at resentencing. Accordingly, we affirm.

**AFFIRMED.**