[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-13931

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

BARRY SMITH, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 3:20-cr-00016-TCB-RGV-1

_____

Before NEWSOM, GRANT, and BRASHER, Circuit Judges.

PER CURIAM:

Barry Smith appeals the above-guidelines 108-month sentence the district court imposed after he pleaded guilty to burglarizing a federal firearms licensee. Smith argues that his sentence is both procedurally and substantively unreasonable. We disagree and affirm.

## I.

Smith pleaded guilty to one count of burglarizing FMJ Armory, a federal firearms licensee, and stealing 52 firearms, in violation of 18 U.S.C. § 922(u). Describing Smith's criminal history, the presentence investigation report included that, in 2009, Smith pleaded guilty "to the lesser offense of Robbery" in Georgia after being initially charged with armed robbery. The report stated that Smith and his codefendants stole clothing by "spraying [the victim] with pepper spray and kicking her with their hands and feet." Smith objected "to the narrative description," of this paragraph of the report on the ground that it includes "false accusations" and "allegations beyond what Mr. Smith pleaded guilty to." Smith's objection did not specify what "allegations" or "false accusations" he disputed. The report also revealed that Smith was charged with armed robbery in 2011, for which he again "pled to the lesser included offense of Robbery." According to the report, during the 2011 robbery, Smith's co-defendants "used a hammer to take jewelry" from

the victim. Smith did not object to the description of this offense. Smith also, according to the report, had "pending charges in Cobb County, Georgia," because in 2019 Smith "used a rifle to take [the victim's] Acura automobile, purse, cellular telephone, and keys." Smith did not object to this paragraph of the report.

In addition to these convictions and pending charges, the report stated that Smith had been arrested for—but not convicted of—aggravated assault in 2011 and for robbery and aggravated assault with a deadly weapon in 2019. Smith did not object to the report's description of the 2011 arrest. And as to the 2019 arrests, Smith objected, without explanation, "to the allegations of th[e] conduct in th[e] paragraph," which included that Smith stole a vehicle after pointing a gun at the driver.

The report calculated Smith's total offense level at 33 and gave him a criminal history score at V, yielding a guideline range of 210 to 262 months' imprisonment. But after sustaining Smith's objections to his base offense level and to his four-level enhancement for possessing a firearm during the commission of a felony, the district court announced an adjusted guidelines range of 57 to 71 months.

After the district court resolved these guidelines objections at Smith's sentencing hearing, the government made its Section 3353(a) argument, urging the court to impose the statutory ten-year maximum sentence. Relying on the above statements from the report, the government argued that Smith had a "history of engaging in violent crimes" and had shown an "escalation" of

criminal conduct in recent years. And, given the large number of guns involved in his current crime, the government argued that Smith was being sentenced for "an extremely serious offense." Finally—noting that Smith already served five years in prison on a previous robbery conviction and committed the instant offense while on supervised release—the government argued that the maximum sentence was necessary to promote deterrence and respect for the law.

After setting forth its views, the district court found that "the government has shown that a maximum sentence is appropriate." Nonetheless, the court *sua sponte* accounted for mitigating evidence raised in Smith's sentencing memorandum regarding the harsh conditions of his post-conviction detention. Ultimately, the district court varied upward from the guideline range and sentenced Smith to 108 months' imprisonment followed by 3 years of supervised release, instead of the statutory maximum 120 months the government recommended.

Smith timely appealed his sentence, arguing that it is both procedurally and substantively unreasonable.

## II.

We review the procedural and substantive reasonableness of a sentence for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 41 (2007). The party challenging the sentence bears the burden of showing unreasonableness. *United States v. Trailer*, 827 F.3d

933, 936 (11th Cir. 2016) (citing *United States v. Pugh*, 515 F.3d 1179, 1189 (11th Cir. 2008)).

### III.

Smith argues that his sentence was procedurally unreasonable because the district court relied upon the government's unproven allegations that (1) his 2011 and 2019 robbery convictions involved weapons and violence; (2) his 2011 and 2019 arrests established an "escalation" of conduct, and the 2019 arrest involved the use of a firearm; and (3) he has pending charges in Cobb County, Georgia, for using a weapon to hijack a woman's car.

A party challenging the procedural unreasonableness of his sentence must show that the sentencing court committed "significant procedural error," including by miscalculating the guideline range, treating the Sentencing Guidelines as mandatory, failing to consider the relevant sentencing factors set out in 18 U.S.C. § 3553(a), selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence. *Trailer*, 827 F.3d at 936 (citing *United States v. Cubero*, 754 F.3d 888, 892 (11th Cir.2014)). The Section 3553(a) factors include, in relevant part, (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (4) the need for deterrence; (5) the need to protect the public; and (5) the need to avoid unwarranted sentencing disparities. 18 U.S.C. § 3553(a). There is "[n]o limitation

. . . on the information concerning the [defendant's] background, character, and conduct" that the sentencing court may consider when weighing these factors. 18 U.S.C. § 3661; *see also* U.S.S.G. § 1B1.4.

The district court's sentence may be based on undisputed statements in the presentence report. *United States v. Polar*, 369 F.3d 1248, 1255 (11th Cir. 2004) (citing *United States v. Saunders*, 318 F.3d 1257, 1271 n.22 (11th Cir.2003)); Fed. R. Crim. P. 32(i)(3)(A). Statements contained in the report are considered undisputed and admitted for sentencing purposes unless the defendant objects to them "with specificity and clarity." *United States v. Beckles*, 565 F.3d 832, 844 (11th Cir. 2009) (citing *United States v. Bennett*, 472 F.3d 825, 832 (11th Cir.2006)). "[V]ague assertions of inaccuracies are not sufficient to raise a factual dispute" as to statements in the report. *United States v. Ramirez-Flores*, 743 F.3d 816, 823 (11th Cir. 2014) (citing *Bennett*, 472 F.3d at 832). Only if the defendant launches a clear objection to specific facts in the report does the government bear the burden of proving those facts by a preponderance of the evidence. *United States v. Gupta*, 572 F.3d 878, 887 (11th Cir. 2009) (citing *United States v. Sepulveda*, 115 F.3d 882, 890 (11th Cir. 1997)). Absent a clear and specific objection, the sentencing court is permitted "to rely upon [statements in the presentence report] without error even if there is an absence of supporting evidence." *Beckles*, 565 F.3d at 844 (11th Cir. 2009) (citing *United States v. Hedges*, 175 F.3d 1312, 1315 (11th Cir.1999)).

Smith's sentence is not procedurally unreasonable. First, the unobjected-to facts in the presentence report establish that Smith (1) had two robbery convictions, (2) he was originally indicted in both cases for armed robbery, (3) the allegations in those indictments involved the use of pepper spray and a hammer, and (4) Smith pleaded guilty to the lesser included offense of robbery for each crime. The district court was entitled to rely upon those undisputed facts to determine that Smith had a violent criminal history. Smith's vague objection to the report's "narrative description" of his 2009 robbery on the ground that "it includes allegations beyond what [he] pleaded guilty to" and contains "false accusations" lacks the specificity and clarity necessary to require the government to proffer evidence. *See, e.g.*, *Bennett*, 472 F.3d at 832, 83435.

Second, the court did not abuse its discretion in relying on Smith's 2011 aggravated assault arrest and 2019 armed robbery and aggravated assault arrests as evidence of Smith's "escalating" criminal conduct. Smith did not object to the fact of these arrests. And his bare objection "to the allegations of th[e] conduct in th[e] paragraph" of the presentence report describing his 2019 arrests is too vague to dispute that paragraph's statement that the conduct leading to the arrests involved a firearm. *See Ramirez-Flores*, 743 F.3d at 82324 ("general objection to the factual and legal statements" in paragraph of presentence report insufficient to require government to proffer evidence to prove those statements).

Third, Smith's contention that the presentence report "contains no pending carjacking charge from Cobb County, nor any description of Mr. Smith using a firearm in relation to such a charge" is mistaken. Paragraph 60 of the report clearly describes "pending charges in Cobb County, Georgia," against Smith for "us[ing] a rifle to take [a victim's] Acura automobile, purse, cellular telephone, and keys" in 2019. Because Smith never objected to the statements contained in this paragraph, the district court was entitled to rely on them in crafting its sentence. *See, e.g.*, *Beckles*, 565 F.3d at 844 (citing *Hedges*, 175 F.3d at 1315).

Because Smith failed to create a dispute of fact as to any of the government's allegations, the district court committed no "significant procedural error" by relying on them at sentencing without additional evidentiary support. *See Trailer*, 827 F.3d at 936 (citing *Cubero*, 754 F.3d at 892).

This is so even for the arrests and charges for which Smith was not convicted. The sentencing court is entitled to account for such conduct when considering, as it must, a defendant's history and characteristics under Section 3353(a). *See United States v. Faust*, 456 F.3d 1342, 1348 (11th Cir. 2006) (holding sentencing court may consider facts underlying acquitted conduct); *United States v. Shaw*, 560 F.3d 1230, 123241 (11th Cir. 2009) (affirming 83-month variance, partially relying on defendant's numerous prior arrests). *See also* U.S.S.G. § 1B1.4 cmt. ("For example, if the defendant committed two robberies, but as part of a plea negotiation entered a guilty plea to only one, the robbery that was not taken into

account by the guidelines . . . may provide a reason for an upward departure.").

## IV.

Smith argues his above-guidelines sentence is substantively unreasonable because (1) the guidelines already account for Smith's offense conduct and criminal history, (2) the district court placed improper weight on Smith's criminal history, ignoring his mitigating personal history and the need to avoid unwarranted sentencing disparities, and (3) the district court lacked a compelling justification for its deviation from the guideline range given the "non-violent" nature of his burglary offense.

We consider the totality of the circumstances when reviewing the substantive reasonableness of a sentence. *Gall*, 552 U.S. at 51. The party challenging the substantive unreasonableness of his sentence bears the considerable burden of showing that the district court (1) failed to consider Section 3553(a) factors "that were due significant weight" in the given case; (2) gave "significant weight to an improper or irrelevant factor"; or (3) committed "a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (quoting *United States v. Campa*, 459 F.3d 1121, 1174 (11th Cir. 2006) (en banc)).

The district court is not required to explicitly address each of the Section 3553(a) factors or all the defendant's mitigating evidence. *United States v. Taylor*, 997 F.3d 1348, 1354 (11th Cir. 2021) (citing *United States v. Amedeo*, 487 F.3d 823, 833 (11th Cir. 2007)).

"An acknowledgement the district court has considered the defendant's arguments and the § 3553(a) factors will suffice." *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (citing *United States v. Scott*, 426 F.3d 1324, 1330 (11th Cir. 2005)). Further, "[t]he district court may vary upward [from the guidelines] based on conduct that was already considered in calculating the guideline range." *Taylor*, 997 F.3d at 1355 (citing *United States v. Williams*, 526 F.3d 1312, 1324 (11th Cir. 2008)).

The weight the district court accords to any one Section 3553(a) factor is a matter committed to its sound discretion, and the court is permitted to "attach 'great weight' to one factor over others." *Id.* at 1354 (quoting *United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015)). We will not "second guess the weight (or lack thereof) that the judge afforded to a given factor," unless we are "left with the definite and firm conviction that the district court committed a clear error in judgment . . . by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Pugh*, 515 F.3d at 1191 (quoting *United States v. McBride*, 511 F.3d 1293, 129798 (11th Cir. 2007))). But "[b]ecause that rarely happens, 'it is only the rare sentence that will be substantively unreasonable.'" *Rosales-Bruno*, 789 F.3d at 1256 (quoting *United States v. McQueen*, 727 F.3d 1144, 1156 (11th Cir.2013)).

When we review the substantive reasonableness of a sentence imposed outside the guideline range, we must be satisfied that the sentencing court applied the upward variance "after

'serious consideration' . . . accompanied by a 'sufficiently compelling' justification." *United States v. Brown*, 879 F.3d 1231, 124041 (11th Cir. 2018) (quoting *Gall*, 552 U.S. at 46, 50). But there is no presumption that sentences outside the guidelines are unreasonable, and we defer to the district court's determination that the Section 3553(a) factors, on the whole, justify the extent of the variance. *United States v. Turner*, 626 F.3d 566, 57374 (11th Cir. 2010) (quotations omitted).

Smith's sentence is not substantively unreasonable. We address his three arguments in turn.

First, in crafting an appropriate sentence, the district court was permitted to consider the aspects of Smith's criminal history and the facts surrounding his crime that were accounted for in the guidelines calculation. *See Taylor*, 997 F.3d at 1355 (citing *Williams*, 526 F.3d at 1324). The district court was thus correct in stating that it was not required to "just ignore [those facts] when considering what the sentence should be." Further, Smith's criminal history category accounted for only his prior convictions, not for the totality of his criminal history.

Second, it was "not a clear error in judgment" for the district court to give "great weight" to Smith's "substantial criminal history" when weighing the relevant Section 3553(a) factors. *See United States v. Early*, 686 F.3d 1219, 1223 (11th Cir. 2012); *Rosales-Bruno*, 789 F.3d at 1263. The defendant's personal history and the need to avoid unwarranted sentencing disparities are only two of many factors the district court must consider in imposing a

sentence, and the sentencing court here acknowledged that it "carefully considered all of the[se] . . . factors." That is all our precedent requires. *See Gonzalez*, 550 F.3d at 1324.

Moreover, the district court explicitly accounted for mitigating circumstances when it *sua sponte* considered the harsh conditions of Smith's pretrial confinement. It relied on that mitigating circumstance to impose a sentence one year lower than the statutory maximum, which the court believed would otherwise be justified. *Cf. United States v. Valnor*, 451 F.3d 744, 751 52 (11th Cir. 2006) (the district court's imposition of a sentence below the statutory maximum is indicative of reasonableness). The district court acted well within its discretion by basing its sentencing decision "primarily on the history and characteristics of the defendant," the "incredibly violent" nature of his offense, and his "high risk of recidivism."

Third, the district court provided a sufficiently compelling justification for its upward variance. Far from the "non-violent" burglary Smith describes in his briefs, the district court believed his offense was "brazen," "shocking," and "incredibly violent," given that it involved more than 50 firearms, at least four of which had been recovered in connection with other crimes across the country—a fact unaccounted for by the guidelines. The district court recognized that such a crime "leads to the proliferation of firearms by people who use them to kill and steal from other people." After engaging with the arguments presented by counsel, the district court believed the totality of Smith's conduct and history indicates

that "he is willing to go to great lengths to . . . take from other people" and evinces "a high risk of recidivism." Echoing the factors and purposes listed in Section 3553(a)(2), the sentencing court properly concluded that its sentence reflects the seriousness of Smith's offense, affords adequate deterrence, and is necessary to protect the public. *See* 18 U.S.C. § 3553(a)(2). We give considerable deference to the district court's reasoned decision that those factors justified the extent of the variance in this case. *See Turner*, 626 F.3d at 574.

Smith's arguments that his sentence is substantively unreasonable amount to a suggestion that we reweigh the Section 3553(a) sentencing factors for the district court. Because we have no "definite and firm conviction that the district court committed a clear error of judgment in weighing" those factors itself, we decline this invitation. *See Irey*, 612 F.3d at 1190 (en banc) (quoting *Pugh*, 515 F.3d at 1191).

## V.

For the foregoing reasons, we **AFFIRM** Smith's conviction and sentence.