[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-11833

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

*versus*

RODRICK SLACK,
a.k.a. Rat,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 3:08-cr-00061-LC-EMT-10

_____

Before GRANT, ANDERSON, and EDMONDSON, Circuit Judges.

PER CURIAM:

Rodrick Slack, a federal prisoner represented by counsel, appeals the district court's order granting Slack's motion for a reduced sentence under section 404 of the First Step Act and 18 U.S.C. § 3582(c)(1)(B). No reversible error has been shown; we affirm.

In 2008, Slack was convicted of conspiracy to possess with intent to distribute 5 kilograms or more of powder cocaine and 50 grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii), (iii), and 846. Slack was subject to a statutory penalty of 10 years to life imprisonment. Slack's guidelines range was calculated as 360 months to life imprisonment. The sentencing court imposed a sentence of 444 months' imprisonment, followed by 10 years' supervised release.

In 2022, Slack moved for a sentence reduction under the First Step Act. Slack argued that a reduced sentence was warranted in the light of the reduced statutory penalties for crack-cocaine offenses, the disparity between his sentence and the sentences of his co-defendants, and his good conduct in prison. Slack sought a sentence of time served.

The government conceded that Slack was eligible for relief under the First Step Act. The government deferred to the district

court's discretion about whether, and to what extent, to reduce Slack's sentence.

After considering the parties' pleadings -- and without a hearing -- the district court granted in part Slack's motion for a reduced sentence. The district court first determined that Slack's offense constituted a "covered offense" under the First Step Act. The district court then determined that "some sentence reduction" was appropriate under the circumstances. In particular, the district court noted evidence of Slack's post-conviction rehabilitation, including that Slack had relatively few disciplinary actions, had earned his GED, and had taken occupational classes while in prison. The district court also explained, however, that it could not overlook Slack's history of violence or that Slack's underlying offense involved both a large quantity of drugs and a gun. Based on these considerations, the district court reduced Slack's sentence to 285 months, followed by 6 years of supervised release.

On appeal, Slack contends that the district court erred -- and violated his rights under the Due Process Clause -- by imposing a reduced sentence without first allowing Slack to appear at a hearing and to exercise his right of allocution. Slack never requested a hearing before the district court. Because Slack raises this argument for the first time on appeal, we review the argument only for plain error. *See United States v. Lange*, 862 F.3d 1290, 1293 (11th Cir. 2017).

Slack's argument is foreclosed by our decision in *United States v. Denson*, 963 F.3d 1080 (11th Cir. 2020). In *Denson*, we

concluded expressly that "the First Step Act does not require district courts to hold a hearing with the defendant present before ruling on a defendant's motion for a reduced sentence under the Act." *See* 963 F.3d at 1082. We observed that the plain text of the First Step Act "does not mention, let alone mandate, a hearing." *Id.* at 1086. We also noted that Fed. R. Crim. P. 43 provides expressly that a defendant's presence is not required at a sentence-reduction proceeding under 18 U.S.C. § 3582(c). *Id.* at 1087. Because "the right to be present under Rule 43 is at least as broad as the right under the Due Process Clause," we concluded that a defendant has no due process right to be present at a section 3582 proceeding. *Id.* at 1087-88.

After concluding that a defendant has no right to be present at a hearing on his First Step Act motion, we addressed separately -- and rejected -- the argument in Denson's case that a sentence reduction under the First Step Act was a "critical stage" requiring a hearing under *United States v. Brown*, 879 F.3d 1231 (11th Cir. 2018). *See id.* at 1088-89. We first concluded that the "critical stage" framework in *Brown* (a case involving a 28 U.S.C. § 2255 motion) was inapplicable to sentence-modification proceedings under section 3582(c). *Id.* at 1088-89 (noting language in *Brown* recognizing that a sentence-reduction under 3582(c) did not require a defendant's presence). "Alternatively, and as an independent holding," we also determined that -- even under *Brown*'s framework -- a First Step Act motion constituted no "critical stage" in the proceedings requiring a defendant's presence. *Id.* at 1089.

In the present case, Slack says that *Denson* has since been abrogated in part by the Supreme Court's decision in *Concepcion v. United States*, 142 S. Ct. 2389 (2022). The chief issue in *Concepcion* was "whether a district court deciding a First Step Act motion must, may, or may not consider intervening changes of law or fact." *See* 142 S. Ct. at 2398. To the extent *Concepcion* might have undermined our thinking in *Denson*, it appears to have done so only for language in *Denson* about a district court's authority to consider intervening changes in the law when ruling on a First Step Act motion. *See id.* at 2398 n.2 (collecting cases and citing *Denson* as among the circuit court decisions holding that a district court "may not consider" intervening changes); *Denson*, 963 F.3d at 1089 (stating -- in the alternative and independent portion of the opinion applying the *Brown* framework -- that a district court ruling on a First Step Act motion "is not free . . . to reduce the defendant's sentence on the covered offense based on changes in the law beyond those mandated by sections 2 and 3" of the Fair Sentencing Act).

We read nothing in *Concepcion* as touching on a defendant's right to be present at or to speak at a hearing on his First Step Act motion, let alone establishing plainly that the defendant's presence at a hearing is mandated. Because *Concepcion* does not conflict directly with our conclusion in *Denson* that a district court is not required to hold a hearing with the defendant present before ruling on a First Step Act motion, we remain bound by that precedent. *See United States v. Dudley*, 5 F.4th 1249, 1265 (11th Cir. 2021) ("Under our prior precedent rule, 'a prior panel's holding is

6                    Opinion of the Court                    22-11833

binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or this court sitting *en banc*.'"); *United States v. Kaley*, 579 F.3d 1246, 1255 (11th Cir. 2009) ("To constitute an 'overruling' for the purposes of th[e] prior panel precedent rule, the Supreme Court decision 'must be clearly on point' . . . [and must] actually abrogate or directly conflict with, as opposed to merely weaken, the holding of the prior panel.").

Slack has identified no controlling authority establishing a defendant's right to be present at a hearing or a right to allocution during a sentence-modification proceeding under the First Step Act. Slack thus cannot show that the district court committed an error that was plain when it imposed a reduced sentence without first scheduling *sua sponte* a hearing. *See Lange*, 862 F.3d at 1296 (describing a plain error as "an error that is 'obvious' and is 'clear under current law'" and explaining that "there can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving it").

AFFIRMED.