[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-11495

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

RICHARD DANIEL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:02-cr-20676-CMA-2

_____

Before ROSENBAUM, GRANT, and LAGOA, Circuit Judges

PER CURIAM:

Richard Daniel appeals the district court's order denying his motion to reduce his sentence under § 404(b) of the First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194 ("First Step Act"), as to his convictions for conspiracy to deal in firearms, distribution of marijuana, and possession of a firearm in furtherance of a drug trafficking crime. The government moved for summary affirmance, arguing that the court properly denied the motion as to those offenses because they were not covered offenses and any argument that the district court had discretion to reduce his sentence on non-covered offenses is foreclosed by *United States v. Denson,* 963 F.3d 1080 (11th Cir. 2020), and *United States v. Files*, 63 F.4th 920 (11th Cir. 2023), *pet. for cert. filed*, No. 22-1239 (U.S. June 26, 2023).

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

The Fair Sentencing Act, enacted on August 3, 2010, amended 21 U.S.C. § 841(b)(1) to reduce the sentencing disparity between crack and powder cocaine. Fair Sentencing Act; *see Dorsey*

*v. United States*, 567 U.S. 260, 268-69 (2012) (detailing the history that led to the enactment of the Fair Sentencing Act, including the Sentencing Commission's criticisms that the disparity between crack and powder cocaine offenses was disproportional and reflected race-based differences). Specifically, § 2(a)(1) raised the quantity of crack cocaine necessary to trigger a 10-year mandatory minimum sentence from 50 to 280 grams, and § 2(a)(2) raised the quantity threshold to trigger a 5-year mandatory minimum from 5 grams to 28 grams. Fair Sentencing Act § 2(a)(1)–(2); 21 U.S.C. § 841(b)(1)(A)(iii), (B)(iii). These amendments were not made retroactive to defendants who were sentenced before the enactment of the Fair Sentencing Act. *United States v. Berry*, 701 F.3d 374, 377 (11th Cir. 2012).

In 2018, Congress enacted the First Step Act, which made retroactive for "covered offenses" the statutory penalties enacted under the Fair Sentencing Act. *See* First Step Act § 404. Under § 404(b) of the First Step Act, "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." *Id.* § 404(b). The statute defines "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . . that was committed before August 3, 2010." *Id.* § 404(a). The First Step Act adds that "[n]o court shall entertain a motion" under § 404 for a sentence that "was previously imposed or previously reduced in accordance with" sections 2 and 3 of the Fair Sentencing Act, or "if a previous motion made under

this section . . . was . . . denied after a complete review of the motion on the merits." *Id*. § 404(c).

In *Denson*, we concluded, as our main holding, "that the First Step Act does not require district courts to hold a hearing with the defendant present before ruling on a defendant's motion for a reduced sentence under the Act." 963 F.3d at 1082. As an alternate and independent holding, we concluded that a sentencing modification under the First Step Act is not a critical stage in the proceedings under the two-part test in *United States v. Brown*, 879 F.3d 1231 (11th Cir. 2018), contrary to Denson's arguments on appeal. *Id*. at 1088–89. We concluded that the First Step Act does not authorize a plenary resentencing and instead "is a limited remedy." *Id*. at 1089. In so concluding, we reasoned that a district court may "reduce a defendant's sentence only on a covered offense and only as if sections 2 and 3 of the Fair Sentencing Act were in effect when he committed the covered offense." *Id*. (quotation marks omitted). We also reasoned that a district court is not free to: (1) recalculate the defendant's original Guidelines calculations unaffected by sections 2 and 3; (2) reduce the defendant's sentence on the covered offense based on other changes in the law; or (3) reduce the defendant's sentences on non-covered offenses. *Id*. We also referenced the idea that a § 404(b) motion was a § 3582(c)(1)(B) proceeding. *Id*. at 1088.

The Supreme Court held in *Concepcion v. United States* that sentencing courts may consider intervening changes of law or fact in adjudicating a First Step Act motion. 142 S. Ct. 2389, 2396 (2022).

23-11495                 Opinion of the Court                        5

The Supreme Court stated that, while courts must consider these arguments when raised by the parties, whether to reduce the defendant's sentence remains within their sound discretion. *Id*. The Court explained that sentencing courts have historically had wide latitude to consider any information relevant to understanding a defendant's individual circumstances, and "[n]othing in the text and structure of the First Step Act expressly, or even implicitly, overcomes the established tradition of district court's sentencing discretion." *Id*. at 2401. In so holding, the Supreme Court overruled our prior holding in *Denson* that a court cannot reduce a defendant's sentence based on changes in the law beyond those mandated by the Fair Sentencing Act. *Id*. at 2398 n.2 (citing *Denson*, 963 F.3d at 1089).

In *Files*, we recently explained that *Concepcion* abrogated aspects of *Denson* regarding whether a court adjudicating a First Step Act motion could consider changes in law unrelated to those specified in the Fair Sentencing Act but that *Concepcion* did not abrogate *Denson*'s holding that a court could not reduce defendants' sentences for non-covered offenses. 63 F.4th at 930–31. We also explained that the Supreme Court's discussion in *Concepcion* pertained to the absence of limitations by Congress on how a district court exercises its discretion in reducing a defendant's sentence, not its authority to do so in the first place. *Id*. at 931. We confirmed that a district court can consistently apply "*Denson*'s holding limiting the categories of sentences that can be reduced and *Concepcion*'s holding empowering courts to exercise broad discretion in imposing reduced sentences for those qualifying offenses." *Id*.

Under the prior panel precedent rule, "a prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or this [C]ourt sitting *en banc*." *United States v. Dudley*, 5 F.4th 1249, 1265 (11th Cir. 2021) (quotation marks omitted).

We thus conclude that summary affirmance is warranted here because the government's position is correct as a matter of law. *Groendyke Transp.*, 406 F.2d at 1162. Notably, Daniel does not dispute that the offenses are non-covered offenses. As such, Daniel's arguments are foreclosed by this Court's prior precedent in *Denson* and *Files*. *Denson*, 963 F.3d at 1088–89; *Files*, 63 F.4th at 930–31; *Dudley*, 5 F.4th at 1265. Further, any argument that *Concepcion* abrogated *Denson* is foreclosed by *Files*. *Files*, 63 F.4th at 930–31. Other than *Concepcion*, Daniel does not point to any case from this Court or the Supreme Court that abrogated *Denson* and *Files*. *Dudley*, 5 F.4th at 1265.

Because the government's position is correct as a matter of law, we GRANT the government's motion for summary affirmance and affirm the district's order denying Daniel's motion to reduce his sentence under § 404(b) of the First Step Act. *Groendyke Transp.*, 406 F.2d at 1162.

**AFFIRMED.**